# Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Bossert, Administrator.

[No. 6,382. Filed February 18, 1909. Rehearing denied June 30, 1909.]

1. PLEADING.—*Complaint.—Railroads.—Employers' Liability Act.*— A complaint under subdivision two of section one of the employers' liability act (§8017 Burns 1908, Acts 1893, p. 294) must allege that the defendant is a railroad company, that the plaintiff was a servant and was injured while conforming to an order of his superior, that he was without fault, that he was injured by reason of the negligence of the employe to whose order he was conforming, and that he had no knowledge of the danger—thus negativing plaintiff's assumption of the risk. p. 247.

2. PLEADING.— *Complaint.— Negativing Assumption of Risk.*— A complaint alleging that the plaintiff was ignorant of the danger causing his injury, or stating facts showing that he was ignorant thereof, sufficiently negatives assumption of the risk. pp. 248, 250.

3. MASTER AND SERVANT.—*Assumption of Risk.—Contributory Negligence.*—Assumption of risk is a matter of contract, and must be negatived in the complaint, while contributory negligence is a matter of conduct and constitutes a defense. p. 248.

4. PLEADING.—*Complaint.—Assumption of Risk.—How Negatived.* —An allegation that the plaintiff was injured "without any fault or negligence on his part," does not negative his assumption of the risk. p. 249.

5. PLEADING.—*Answer.—Master and Servant.—Death of Servant.— Negligent Coëmploye as Beneficiary.*—In an action by the administrator of a decedent against a railroad company for damages caused by the negligent killing of decedent, an answer that decedent's death was caused by the negligence of his son who was a superior to decedent and who gave the negligent order resulting in decedent's death, and that such son was one of the beneficiaries for whom the action was instituted, is bad, and where an instruction is given to disallow any amount for such son, no injury is done to the defendant. p. 249.

6. MASTER AND SERVANT.—*Assumption of Risk.—Evidence.*—Where the evidence shows that the danger which caused the decedent's injuries was such that the decedent should have expected as arising from the employment, or such that the defendant could not avoid, the decedent is held to have assumed the risk thereof. p. 250.

7. RAILROADS.— *Section Hands.— Extra Trains.— Assumption of Risk.*—Where the rules require section men to be prepared at all times for extra trains, they assume the risks thereof. p. 250.

8. RAILROADS.—*Section Men.—Removal of Hand-Cars.—Negligent Orders.—Extra Trains.*—Although section men ordinarily assume the risk of danger by reason of extra trains, they do not assume the risks of negligent orders given by their superiors for the removal of hand-cars from the track. p. 251.

9. RAILROADS.— *Employers' Liability Act.— Superior and Fellow Servants.*—Railroad companies, under section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908), are liable to a servant for the negligent orders of another servant who has authority to direct and control. p. 251.

10. RAILROADS.—*Section Men.—Order of Foreman.—Negligence.*— The order, "Help get this hand-car off the track," given by a servant having authority to direct a section crew, was within the scope of his authority, and for negligence therein the company is liable to another servant acting in obedience thereto. p. 252.

11. RAILROADS.—*Removing Hand-Cars.—Sudden Perils.—Contributory Negligence.*—A section hand in obeying an emergency order to remove a hand-car from the track, is not held to the exercise of the same degree of prudence, as if doing ordinary labor involving no sudden peril. p. 252.

From Fayette Circuit Court; *George L. Gray*, Judge.

Action by Abraham Bossert, as administrator of the estate of Benjamin F. Schoonover, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment on a verdict for plaintiff for $1,550, defendant appeals. *Affirmed.*

*Florea & Broaddus, Leonard J. Hackney* and *Frank L. Littleton,* for appellant.

*George F. O'Byrne, Reuben Conner* and *Lon Conner,* for appellee.

WATSON, C. J.—Action for damages by Abraham Bossert, administrator of the estate of Benjamin Schoonover, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company.

The verdict was for the plaintiff in the sum of $1,550, and judgment was rendered accordingly, from which defendant

appeals and assigns errors as follows: (1) In overruling appellant's demurrer to the complaint; (2) in sustaining appellee's demurrer to the second paragraph of appellant's answer; (3) in overruling appellant's motion for a new trial; (4) that the judgment is against the weight of the evidence.

The complaint is founded upon section one, subdivision two, of the employers' liability act of 1893 (Acts 1893, p. 294, §8017 Burns 1908), which provides "that every railroad * * * shall be liable for damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, in the following cases: * * * Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform."

For a complaint to be good under subdivision two of §8017, *supra,* it must show that defendant is a railroad company (*Fort Wayne Gas Co.* v. *Nieman* [1904], 33 Ind. App. 178) ; that the injured employe

1. was conforming to the order and direction of some person in the service of the railroad, whose order and direction he was bound to obey and did obey, and that while thus complying with such order or direction, himself without fault, he was injured by the negligence of the employe to whose order he was conforming (*Indianapolis, etc., Transit Co.* v. *Foreman* [1904], 162 Ind. 85, 102 Am. St. 185; *Fort Wayne Gas Co.* v. *Nieman, supra*) ; that the employe had no knowledge of the danger, for if so he is deemed to have assumed the risk as an incident of his employment (*Louisville, etc., R. Co.* v. *Corps* [1890], 124 Ind. 427, 428, 8 L. R. A. 636).

The doctrine of assumed risk is read into the statute before quoted, thus making that doctrine a part thereof. *American Rolling Mill Co.* v. *Hullinger* (1904), 161 Ind. 673;

*Whitcomb* v. *Standard Oil Co.* (1899), 153 Ind. 513.    But it is otherwise, if the injury is due to the negligent nonobservance of a positive and fixed duty required by statute.    *Island Coal Co.* v. *Swaggerty* (1903), 159 Ind. 664.

As said in the case of *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 151, 58 L. R. A. 944:    ''A distinction is to be noted between statutes such as the employers' liability act (Acts 1893, p. 294, §§7083-7087 Burns 1901), which provide in general terms that the employer shall be liable for injuries to an employe,    *    *    *    and statutes which require of the employer the performance of a specific duty.    *    *    * Statutes of the former class do little more than declare the rule of the common law.    Statutes of the latter class impose specific obligations.    *    *    *    A violation of the second is an unlawful act or omission, a plain breach of a particular duty owing to the servant, and generally constitutes negligence *per se.*''

Assumption of risk is negatived in a complaint by averments showing that plaintiff had no knowledge of the danger nor of facts and circumstances which, if he had 2.    known, would have apprised him of his peril.    But the danger must not appear to have been open and obvious, else it will be presumed that the risk was assumed. The complaint need not, however, negative knowledge which the law imputes by reason of a person's contracting for and engaging in a particular service.    In this State, to allege' want of knowledge negatives also imputed knowledge. *American Rolling Mill Co.* v. *Hullinger, supra; Pennsylvania Co.* v. *Witte* (1896), 15 Ind. App. 583; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297.

Assumption of risk is an element distinct from contributory negligence, and is not affected by §362 Burns 1908, Acts 1899, p. 58, providing that want of contributory negligence need not be alleged, but shall be a matter of defense.    *Cleveland, etc., R. Co.* v. *Scott* (1902), 29 Ind. App. 519; *Bowles* v. *Indiana R. Co.* (1901), 27 Ind. App.

672, 87 Am. St. 279; *Baltimore, etc., R. Co.* v. *Hunsucker* (1904), 33 Ind. App. 27; *Indianapolis, etc., Transit Co.* v. *Foreman, supra.* One is a matter of contract, the other of conduct. *Wortman* v. *Minich* (1901), 28 Ind. App. 31.

Hence an allegation that plaintiff was injured ''without any fault or negligence on his part'' does not take the place of an averment showing that the risk was not knowingly assumed by plaintiff as an incident of the service. *Indianapolis, etc., Transit Co.* v. *Foreman, supra.* The complaint is clear in each of its essential requirements. Appellant's demurrer to the complaint was, therefore, properly overruled.

Appellant contends that the court erred in sustaining a demurrer to the second paragraph of the answer, which averred that William Schoonover, the section foreman who gave the negligent order by reason of which decedent was killed, was the son of decedent, and, as such, is one of the exclusive class to whose benefit this action inures. It is contended that this paragraph of the answer is based on the maxim that no one shall reap a benefit from his own wrong. But this paragraph sought to estop Abraham Bossert, the administrator who brought this action for the benefit of Sara M. Schoonover, widow, and William Schoonover and Elizabeth J. Schoonover, children of decedent. Even though William Schoonover would be estopped from bringing this action were he the only beneficiary, certainly this administrator is not estopped when the action is for the benefit of others than William Schoonover, whose right of action has accrued. The court by the eleventh instruction told the jury that if it found for the plaintiff, and further found that said William Schoonover was such foreman and also the son of decedent, nothing should be allowed as damages for the benefit of William Schoonover, and that the net damages should thereby be reduced by an amount equal to his share therein. The court did not err in its

ruling on this demurrer, and we think the instruction sufficiently answers this contention.

Appellant's third ground for a new trial, viz., that the verdict is contrary to the law and the evidence, is all that we shall consider. Assumption of risk was sufficiently negatived in the complaint by allegations showing that plaintiff, in pursuance of the command of William Schoonover, proceeded to remove the hand-car from the track without knowledge of facts calculated to apprise him of the immediate danger in the undertaking. But the evidence for defendant may go beyond the allegations in the complaint, and show that the particular danger referred to was such as might be expected, and such as defendant could not well avoid in the regular course of plaintiff's employment, in which case it will be presumed that, in contracting for and engaging in such service, plaintiff voluntarily assumed such danger as one of the risks incident thereto. Knowledge will be imputed, and if injury results no recovery can be had. *Cleveland, etc., R. Co.* v. *Scott, supra; Pennsylvania Co.* v. *Witte, supra; Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290.

The evidence shows very clearly that the rules of the company required section hands to be prepared at all times for extra trains, and under the present system of operating schedules by telegraph the rule could not well be otherwise. For this reason, and in the absence of any evidence to the contrary, we must conclude that Benjamin Schoonover assumed the duty and the risk of looking out for extra trains as an incident and a part of his employment as a section hand. In the case of *International, etc., R. Co.* v. *Hester* (1885), 64 Tex. 401, 403, it is said: "It appears that, while the nature of the services and duties of section gangs requires that they should move from point to point along that portion of the line which constitutes the section, in hand-cars, to repair the roadbed and note its condition, in doing so they are expected and required to keep a watch for

passing trains to protect themselves from danger from that source. From the evidence it appears that passing trains have the right to the track, and section gangs are required to look out for themselves and to remove from the track their hand-cars so as to allow moving trains to pass without interruption or danger from collision with such hand-cars. As a matter of course, in the performance of these duties by the section hands, they are exposed to more or less danger when on the track by reason of moving trains, but such risks are assumed by them in entering the service and in accepting the employment. And if injury results from such assumed risks, without the risk's being aided or increased by the negligence of the company or its superintending agencies, it will be considered an inevitable accident for which no liability can attach to the company.''

Admitting that the risk of removing hand-cars from the track to allow trains to pass was ordinarily assumed by Benjamin Schoonover, as an incident and as a part of his employment as a section hand, he cannot be presumed to have assumed such risk when ordered, as in this case, to remove a hand-car, by a person in charge and with authority to give and enforce such an order.

In the case of *Terre Haute, etc., R. Co.* v. *Rittenhouse* (1902), 28 Ind. App. 633, 640, the court said: ''We think the general rule under the employers' liability act is that where one in the service of a railroad, * * * has power and authority to direct and control the work of another employe the former must .be regarded as a superior of the latter and not a fellow servant. In such case the negligence of the superior is the negligence of the corporation. * * * 'The object of the statute was to make one to whom is committed by a railway company the authority to direct and control employes in the same service the representative, in respect of that service, of the common employer, so that his acts, within the scope of his employment, are the acts of the company, and his negligence its

negligence.' [*Peirce* v. *Van Dusen* (1897), 78 Fed. 693, 24 C. C. A. 280.]'' In the case at bar, Benjamin Schoonover was acting under the order and direction of the foreman, whose orders and directions he was bound by the terms of his employment to obey so long as the orders given were within the scope of said foreman's employment. We believe that the order in this case, ''Help get this handcar off the track,'' was properly given within the scope of the general authority of the section foreman in controlling and directing work upon his section, and, as such, was the order of the railroad company, for the negligence of which it is liable.

Appellant attempts to show by a series of tests and experiments that Benjamin Schoonover might have saved himself from injury had he not been negligent, that he had four seconds in which to step off the track after the train came in sight, etc. It must be realized that Benjamin Schoonover was not performing an experiment in attempting to get the hand-car off the track, but was acting under circumstances which would exempt him from being amenable to the same degree of care that would be required under ordinary circumstances. He acted in an emergency and to avoid peril. In the case of *Clarke* v. *Pennsylvania Co.* (1892), 132 Ind. 199, 200, 17 L. R. A. 811, the court said: ''One who does an act under an impulse or upon a belief created by a sudden danger attributable to another's negligence is not to be regarded as guilty of contributory fault, even though the act would be regarded as a negligent one if performed under circumstances not indicating such peril.'' *Pennsylvania Co.* v. *Roney* (1883), 89 Ind. 453, 46 Am. Rep. 173; *Indianapolis, etc., R. Co.* v. *Stout* (1876), 53 Ind. 143; *Indianapolis, etc., R. Co.* v. *Carr* (1871), 35 Ind. 510.

We believe the verdict is clearly right upon the evidence. Judgment affirmed.