FIDELITY & CASUALTY COMPANY, Appellee, v. CEDAR VALLEY ELECTRIC COMPANY, Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—Defense
1 to Action Against Third Party. An insurer who, under the Workmen's Compensation Act, has paid to the master's servant compensation for an injury may not be defeated in his action

for recoupment against a person other than the master by a showing that the injury to the servant was the result of the joint negligence of the master and such third party, but may be defeated by a showing that the negligence of the master was the *direct and proximate cause* of the injury to the servant; in other words, the third party may exculpate himself.

**TRIAL:** Instructions—Non-Conflict. Instructions relative to the rights of a subrogated insurer against a third party under the Workmen's Compensation Act, and the effect of the negligence of the master and servant, reviewed, and held to present no conflict.

**ELECTRICITY:** Failure to Insulate Wires. The failure of an electric transmission line to insulate its wires, and the placing of such wires in close proximity to telephone wires, presents a jury question on the issue of negligence. (Sec. 1527-c, Code Supp., 1913.)

**APPEAL AND ERROR:** Failure to Define Terms. Failure of the court to define "proper insulation," as applied to electric transmission wires, presents no error, when the record affirmatively shows that the wires were not insulated in any manner, and especially when no request was made for such definition.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

NOVEMBER 24, 1919.

ACTION to recover indemnity paid by plaintiff, under the terms of a policy of insurance issued to the People's Mutual Telephone Company, on account of the death of an employee. The facts are fully stated in the opinion. There was a verdict and judgment in favor of the plaintiff in the court below, and defendant appeals.—*Affirmed.*

*Edwards, Longley, Ransier & Smith,* for appellant.

*Tourtellot, Donnelly & Swab,* and *J. C. Campbell,* for appellee.

STEVENS, J.—I. Leland Esslinger, an employee of the People's Mutual Telephone Company, while engaged in attaching a service wire to a glass insulator on a telephone

1. MASTER AND
SERVANT:
Workmen's
Compensation
Act: defense
to action
against third
party.

pole, caused the wire to come in contact with a high-tension wire of the defendant's, carrying an electric current of 2,000 volts, resulting in his instant death. The poles supporting the telephone wires extended about 17½ feet above the surface of the ground. The poles of defendant light company, on which there was a crossbeam about 14 inches below the top, to which the high-tension wires were attached, were set substantially in line with the telephone poles, but were several feet higher. The poles of the telephone company were not set perpendicularly, but slanted in such a way as to bring the top thereof approximately under the end of the crossbeam on the electric light poles. As we understand the record, there was but one telephone wire, and it was attached to a glass insulator on an arm extending from the telephone pole. Some time before the accident to Esslinger occurred, the telephone company straightened the pole on which he was working at the time he was killed, thereby bringing the telephone wire within about 18 inches of defendant's high-tension wires.

Plaintiff, in its petition, alleged that the defendant was negligent in placing high-tension electric transmission lines along the highway without sufficient or adequate poles to conduct the current at a safe height above the wires of the telephone company, and in placing the same in dangerous proximity thereto, and in failing to equip the same with proper insulation or guard nets.

The defendant, for answer, admitted that it was the owner of the high-tension line, and that, at the time of his death, Esslinger was employed by the telephone company; denied all of the allegations of negligence; and averred that the death of Esslinger was due, in whole or in part, to his contributory negligence, or to the negligence of the telephone company.

Plaintiff bases its right to a cause of action against the defendant upon the provisions of Subdivision b of Section 2477-m6 of the 1913 Supplement to the Code, and whatever right it has to maintain this action exists because of the provisions of this section, which are as follows:

"Where an employee coming under the provisions of this act receives an injury for which compensation is payable under this act and which injury was caused under circumstances creating a legal liability in some person other than the employer, to pay damages in respect thereof:

"(a) The employee or beneficiary may take proceedings both against that person to recover damages and against the employer for compensation, but the amount of the compensation to which he is entitled under this act shall be reduced by the amount of damages recovered.

"(b) If the employee or beneficiary in such case recovers compensation under this act, the employer by whom the compensation was paid or the party who has been called upon to pay the compensation, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the employee to recover therefor."

The case was tried in the court below, and is argued in this court, upon the theory that the plaintiff comes within the class entitled to be subrogated to the rights of the injured employee or his beneficiary, under Subdivision b of Section 2477-m6, supra, and no question involving the construction of this statute, so far as this question is concerned, is involved upon this appeal.

Counsel for appellant complains of that portion of Instruction 3 in which the court stated to the jury that plaintiff's rights to recover "are precisely the same as the rights of said Leland Esslinger as against the defendant electric company, no more and no less;" and also of its refusal to give the following requested instructions:

"That the plaintiff insurance company only obtained, through its payment of the indemnity under its insurance policy to the People's Mutual Telephone Company, such rights as the People's Mutual Telephone Company would have had to collect if it had paid such indemnity, and that, if the fault of the People's Mutual Telephone Company contributed to cause the injury, it could not recover in this case, and neither could the plaintiff insurance company.

"That, if the People's Mutual Telephone Company, through its employees, moved its lines, as then existing, into the zone of danger which might arise through proximity to the wires of the defendant electric company, if such removal amounted to negligence on the part of the People's Mutual Telephone Company, and such negligence contributed to cause the injury, then neither the People's Mutual Telephone Company could have recovered, nor the plaintiff insurance company could not recover, in this case."

Other instructions of similar import were requested by counsel for defendant and refused by the court. The negligence urged against the telephone company by defendant is that, in straightening its poles, it brought the telephone wire within 15 or 16 inches of defendant's high-tension wires, and thereby exposed its employees to danger, producing the conditions which caused the death of Esslinger.

The right of an injured employee, or his beneficiaries, to compensation under the statute does not depend upon the negligence of his employer. If the injury arose out of and in the course of his employment, the right to compensation exists, without reference to whether his employer was negligent or not.

Subdivision a of Section 2477-m6 gives the injured employee a right to proceed against a "person other than the employee" who is legally liable for damages on account of injuries suffered, and also against the employer for compensation. The statute leaves the question of the legal lia-

bility of "some person other than the employer" to be determined according to the rules of law applicable to the circumstances surrounding the injury. If the death of Esslinger was the direct and proximate result of the negligence of the defendant, a cause of action arose in favor of his estate, unaffected by any negligence upon the part of his employer contributing thereto.

Subdivision b of Section 2477-m6 provides that the party who has been called upon to pay the compensation to which the employee or his beneficiary is entitled under the provisions of the Workmen's Compensation Act shall be entitled to indemnity from the person liable to pay damages for his death or injuries, and shall be subrogated to the rights of the employee or injured person to recover therefor. The indemnity paid by plaintiff was that required by the terms of its contract with Esslinger's employer. The right of an injured employee to recover damages from a "person other than the employer," under the provisions of the above statute, is not affected by the negligence of the employer or the payment of compensation thereby, except the employer is relieved from paying compensation to the amount of damages recovered.

The Circuit Court of Appeals for the Eighth Circuit, in *Otis Elevator Co. v. Miller & Paine,* 240 Fed. 376, had under consideration the statute of Nebraska which provides that:

"Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover."

The court, in construing the foregoing provision of the Nebraska statute, said:

"It is claimed by counsel for the Elevator Company that they ought to have been permitted to show that the negligence of Miller & Paine concurred with that of the Elevator Company in causing the death of Pettengill, and, this fact being shown, there could be no recovery by Miller & Paine against the Elevator Company. We do not think that any such construction can be placed upon Section 109 without reading into the statute language that the legislature did not deem proper to place there. The liability of Miller & Paine was positively fixed by law, regardless of the question of negligence on its part. The law then provided that Miller & Paine should be subrogated to the rights of the dependents of Pettengill against the Elevator Company, providing it was the negligence of the Elevator Company that caused his death. To construe Section 109 as not permitting Miller & Paine to prosecute an action for the benefit of itself and the dependents of Pettengill, if the negligence of Miller & Paine concurred with that of the Elevator Company in causing his death, would destroy the section. The object of the section, as clearly appears from its language, was to permit the employer to reimburse himself by an action against the party whose negligence caused the death, and also to allow the dependents of the deceased employee to recover a sum over and above the amount for which the employer was absolutely liable, regardless of negligence, if the evidence should permit such recovery.

"The action brought by Miller & Paine against the Elevator Company under its right of subrogation must be treated, so far as the right to recover is concerned, just as if the action had been brought by the administrator of the estate of Pettengill. To decide that the concurring negligence of Miller & Paine could defeat such an action would not only permit one wrongdoer to plead the fault of a joint

wrongdoer in defense, but would, as heretofore said, destroy the right of subrogation granted by the statute. The liability to compensate an employee, imposed by law upon the employer regardless of negligence, is in lieu of his liability for all other reasons. The trial court did not err in its rulings in reference to this proposition."

The provision of the Nebraska statute construed by the court in the above case does not materially differ from the statute under consideration. The right of an employee, or his designated beneficiaries, to compensation exists by virtue of the provisions of the Workmen's Compensation Act, and does not arise out of tort. A discussion of the right of one joint tort-feasor to contribution from another, or of the right of an injured person who has recovered judgment against, or made settlement with, one joint tort-feasor to recover against another, is not germane to the questions involved in this case. The statute specifically provides that:

"The employee or beneficiary may take proceedings both against that person [meaning the person referred to in the preceding paragraph] to recover damages and against the employer for compensation."

The statute manifestly does not contemplate that both proceedings shall be available to the employee, or his beneficiaries, only when his injuries are due solely to the negligence of "some other person than the employer," but is equally applicable, should it be made to appear that his injuries were the result of the joint or concurrent negligence of the employer and some other person. There is nothing, express or implied, in Section 2477-m6 from which the conclusion can be drawn that the payment of compensation by the employer, whose act, jointly with that of another, produced the injuries, shall operate as a bar against the right of an employee, or the party paying the compensation and entitled to be subrogated to his rights, to maintain an action against the person other than the employer,

although a joint tort-feasor, for damages. To construe the statute otherwise must do violence to the plain language thereof. The instruction complained of correctly stated the law applicable to the facts, and the requested instructions were properly refused.

II. It is also urged by counsel for appellant that the portion of Instruction 3 copied above, and Instructions 5 and 8, are contradictory and confusing. The court, in Instruction 5, referring to the negligence of the People's Mutual Telephone Company, told the jury that, if the telephone company was negligent, and if the death of Esslinger was the direct and proximate result of such negligence, plaintiff could not recover. The portion of Instruction 8 which counsel claims is inconsistent with Instructions 3 and 5 is that portion thereof in which the court said, referring to the contributory negligence of deceased, that, if his want of ordinary care contributed in the slightest degree to his injury and death, he was guilty of contributory negligence, and plaintiff could not recover. We fail to discover any inconsistency in these instructions. The portion of Instruction 5 complained of followed the court's statement of the general principles of negligence applicable to the facts in this case, and was intended only to impress upon the minds of the jury that, if the injuries complained of were the direct and proximate result of the negligence of the telephone company, plaintiff could not recover. Taken as a whole, these instructions, which are not wanting in clearness, were as favorable to the defendant as it could reasonably expect.

2. TRIAL: instructions: non-conflict.

III. A motion was made, at the close of the defendant's evidence, for a verdict in favor of the defendant, and also to withdraw from the consideration of the jury each of

the several grounds of negligence set up in

**3. ELECTRICITY:**
**failure to**
**insulate wires.**

plaintiff's petition. The motion for a directed verdict was overruled, but the record does not disclose that a ruling upon the motion to withdraw the allegations of negligence was made by the court.

It appears from the record that the defendant's poles were set, and wires attached thereto, some years after the telephone line was built. It is claimed by the defendant that its poles were set in the highway at the place designated by the county engineer; but this had nothing to do with the question of insulation, or the manner of constructing the line. At the time defendant's line was built, the telephone poles in the vicinity where the accident occurred slanted considerably, thereby bringing the telephone wire about 6 feet from the high-tension wires. The evidence, without dispute, shows that defendant's wires were not covered with any insulating substance, and it was not claimed by defendant that same were thus insulated. No evidence was offered by defendant upon that point. The necessity on the part of the telephone employees, in the course of the company's business, to string and repair wires and make service connections was, of course, well known to defendant. Its wires carried a deadly current, and were originally placed in close proximity to the telephone wires and the poles on which the employees of the telephone company would be required to work. It was a question of fact for the jury to say whether defendant was negligent in failing to insulate its wires, and in placing uninsulated wires in dangerous proximity to the telephone poles and wires.

IV. The court did not, in its instruction, define the term "proper insulation," as used in Section 1527-c, Supplement to the Code, 1913, and counsel for appellant assigns

this as error, and relies upon our holding in *Wells v. Chamberlain,* 185 Iowa 264, to support their contention. We do not find that the court used the term "proper insula-

**4. APPEAL AND ERROR: failure to define terms.**

tion" in its instructions, nor was reference made to the statute above referred to. As before stated, no evidence was of-fered to show that the wires were insulated; but the undis-puted evidence was that they were not insulated, so far as covering same is necessary, if at all, to constitute a proper insulation thereof. No instruction was asked upon this question, nor exception taken to the instructions given nor suggestion made to the court below that this term should be defined. The court submitted the case to the jury upon the theory that defendant had a right to establish and carry on a business inherently dangerous, and to employ or use an agency or power which, unless properly controlled and guarded, was a source of peril or danger to others within its vicinity, and instructed the jury that it was the duty of the defendant to exercise reasonable and ordinary care and diligence in the construction and operation of its elec-tric line, and that if, at the time of the injury, deceased was not guilty of negligence contributing thereto, but if his death was the natural and proximate result of the negli-gence of the defendant, plaintiff would be entitled to re-cover, unless it appeared from the evidence that his death was the direct and proximate result of the negligence of the telephone company. The question of negligence appears, therefore, to have been fairly submitted to the jury, and we do not think the court committed error in the respect urged.

V. Lastly, it is urged by counsel for appellant that the court erred in overruling defendant's motion to direct a verdict for the defendant. This question is disposed of by what is said above. We think there was sufficient evi-dence to justify the submission of the cause to the jury. Perhaps some of the grounds of negligence charged might

properly have been withdrawn, but, as before stated, the record does not disclose that defendant's motion for that purpose was passed upon by the court.

As we find no prejudicial error in the record, the judgment of the court below is—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.