[Civ. No. 4363. Second Appellate District, Division One.—September 17, 1924.]

ZORKA MILOSEVICH et al., Respondents, v. THE PACIFIC ELECTRIC RAILWAY COMPANY, Appellant.

[1] WORKMEN'S COMPENSATION ACT—EMPLOYER AND EMPLOYEE—ACTIONS—CONTRIBUTORY NEGLIGENCE—SUBDIVISION B, SECTION 29 OF ACT.—Subdivision B of Section 29 of the Workmen's Compensation Act of 1917, as amended in 1919, which provides that in any proceeding or action instituted by the employee against the employer to recover compensation provided for by said act, "It shall not be a defense to the employer that the employee may be guilty of contributory negligence," is limited to such proceedings or actions as may be brought by the employee against the employer, and has no reference to an action instituted by either against a third person to recover damages for the injury sustained by the employee.

[2] ID.—DEATH OF EMPLOYEE—ACTION AGAINST THIRD PERSON—CONTRIBUTORY NEGLIGENCE OF EMPLOYER—DEFENSE.—In an action for damages for the death of an employee against a third person, under section 26 of the Workmen's Compensation Act the defendant is precluded from interposing as a defense the contributory negligence of the employer, and from showing that the employer is liable for the payment of an award made against the latter by the Industrial Accident Commission in order to defeat the claim of plaintiffs to the extent of the amount of the award which the employer is obligated to pay.

[3] ID.—SUBROGATION—CONSTRUCTION.—Although the provisions in the Workmen's Compensation Act of 1913—that the employer became subrogated to the rights of the employee upon the former making payment to the latter—is omitted from the act of 1917, nevertheless the practical effect of the provisions of the latter statute giving the employer the right to sue the negligent third person for the full amount of damages sustained by the employee, upon paying to the employee compensation for the injury, is to subrogate the employer to the rights of the employee, upon the former

1.  See 28 R. C. L. 831.

2.  Rights and remedies under compensation acts where injuries were caused by negligence of third persons, notes, Ann. Cas. 1915D, 156; L. R. A. 1916A, 360; L. R. A. 1917D, 98; L. R. A. 1918F, 524. See, also, 28 R. C. L. 834.

paying to the latter the compensation provided by the statute, at least to the amount of such payment.

[4] NEGLIGENCE—WHEN QUESTION OF LAW.—Negligence as a rule is a question of fact for the jury and it is only when but one conclusion can reasonably be reached from the evidence that it becomes a question of law for the court.

[5] ID.—WORKMAN STRUCK BY CAR—NOT REQUIRED TO CONTINUALLY LOOK FOR APPROACH OF CAR.—In an action for damages against a street-car company for the death of an employee who was killed through the negligent operation of a street-car which struck him while at work wrapping a pipe in the street, being a workman whose duty required him to be on the street, the deceased was not required to look continually for the approach of a car.

[6] ID.—CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In such action, it cannot be said that the evidence is such that it shows that the deceased was guilty of contributory negligence as a matter of law.

---

(1) Workmen's Compensation Acts, C. J., p. 133, sec. 153, p. 139, sec. 167 (Anno.). (2) Workmen's Compensation Acts, C. J., p. 139, sec. 167, (Anno.), p. 143, sec. 170 (Anno.). (3) Workmen's Compensation Acts, C. J., p. 142, sec. 169. (4) 29 Cyc., pp. 629, 635. (5) 36 Cyc., p. 1530. (6) 36 Cyc., p. 1623.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Karr and R. C. Gortner for Appellant.

Griffith Jones, John G. Craig, Paul Overton, S. W. Guthrie and Samuel Poorman, Jr., for Respondents.

CURTIS, J.—Plaintiffs are the surviving widow and minor children of Vojko Milosevich, deceased, and as such instituted this action against the defendant to recover damages for the death of the said Vojko Milosevich. The action was tried by a jury and a verdict rendered for $5,000 in plaintiff's favor,

---

4. See 19 Cal. Jur. 719, 725; 20 R. C. L. 166.

5. Duty and liability of driver of vehicle to person working in street, note, Ann. Cas. 1912A, 848. See, also, 19 Cal. Jur. 97; 13 R. C. L. 282.

and upon this verdict judgment was entered accordingly. Defendant appeals.

Vojko Milosevich was in the employ of the Los Angeles Gas and Electric Corporation, and while in the employ of this company, and while acting within the course and scope of said employment, was struck and killed by an electric car owned and operated by defendant. The complaint alleges that the defendant was negligent in the operation of its car, and due to such negligence the deceased met his death. The defendant, in its answer, denied negligence on its part, and alleged that the deceased was guilty of contributory negligence which was the proximate cause of his death. In addition to its original answer, the defendant, by leave of court, filed an amendment thereto, in which amendment defendant alleged, among other things, that through a proceeding instituted by plaintiff, before the Industrial Accident Commission of the state of California, an award of compensation was made, by reason of the death of said deceased, by said commission in favor of plaintiffs and against the Los Angeles Gas and Electric Corporation, the employer of deceased, in the sum of $3,134.04, which sum said employer became obligated and liable to pay, and, furthermore, that said employer became liable and obligated to pay the additional sum of $103.60 for the reasonable and necessary medical and hospital expense of said deceased caused by the injury resulting in his death. These two amounts, aggregating $3,237.64, it is alleged in said amendment, the Los Angeles Gas and Electric Corporation will be entitled to receive and have paid to it out of any judgment which may be recovered in this action, and that plaintiffs are prosecuting this action as the trustee of the said employer to the extent of said sum of $3,237.64. It is further alleged in said amendment to the answer that the death of said deceased was due to the fault and negligence of the said Los Angeles Gas and Electric Corporation, the employer of deceased, and that the injuries and death of said deceased, and the damages, if any, sustained by plaintiffs, were directly and proximately contributed to by the fault, carelessness, and negligence of said employer, and its failure to exercise ordinary care, caution, or prudence for the safety of the said deceased while engaged in said employment.

Upon the trial it was, subject to the objection of plaintiffs that the same was irrelevant, stipulated that deceased was an employee of the Los Angeles Gas and Electric Corporation at the time of the accident, and that he was then performing services growing out of said employment and within the course and scope thereof, at the time he met his death, and that by reason of the injury to said deceased, his employer, the Los Angeles Gas and Electric Corporation, became liable for and obligated to pay said sums aggregating $3,237.64. Defendant further offered to introduce proof upon each and every allegation contained in the said amendment to its answer, to which plaintiffs objected on the ground that the same was incompetent, irrelevant and immaterial to the issues in this case, which objection was sustained by the court.

Appellant bases its appeal and relies for a reversal of the judgment in this case upon two grounds: First, error on the part of the court in refusing to permit defendant to show that the Los Angeles Gas and Electric Corporation was guilty of contributory negligence as the proximate cause of the death of the deceased, and, secondly, that the deceased himself was guilty of contributory negligence.

*First.* The first ground advanced by appellant in support of its appeal, that is, the alleged error of the court in refusing to permit defendant to show as a defense to this action the contributory negligence of the employer of the deceased, involves a consideration of the Workmen's Compensation Insurance and Safety Act of 1917, as amended in 1919 (Stats. of 1919, pp. 920 and 921), and particularly of section 26 thereof. This section reads as follows: "*26. 'Employee.' Suits for damages from person other than employer. If employer joins in suit.* The term 'employee,' as used in this section, shall include the person injured and any other person in whom a claim may arise by reason of the injury or death of such injured person. The death of the employee, or of any other person, shall not abate any right of action established by this section. The claim of an employee for compensation shall not affect his right of action for damages arising out of injury or death against any person other than the employer; and any employer having paid, or having become obligated to pay, compensation, may likewise

bring an action against such other person to recover said damages. If either such employee or such employer shall bring such action against such third person, he shall forthwith notify the other in writing, by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action, and, if the action be brought by either, the other may, at any time before trial on the facts, join as party plaintiff or must consolidate his action, if brought independently. If the suit be prosecuted by the employer alone evidence of any expenditures which the employer has paid or become obligated to pay by reason of said injury or death shall be admissible, and such expenditures shall be deemed a part of the damages, including a reasonable attorney's fee to be fixed by the court; and if in such suit the employer shall recover more than the amount he has paid or become obligated to pay as compensation he shall pay the excess to the injured employee or other person entitled. If the employee joins in or prosecutes such suit, evidence of the amount of disability indemnity or death benefit paid by the employer shall not be admissible, but proof of all other expenditures on account of said injury or death shall be admissible and shall be deemed part of the damages. The court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation. When any injury or death shall have been suffered by an employee, no release or settlement of any claim for damages by reason of such injury or death and no satisfaction of judgment in such proceedings, shall be valid without the written consent of either both employer and employee, or one of them, together with the consent of the commission or the court in which any such action may be pending.''

It will be observed that said section 26 provides, among other things, that ''The court shall, on application, allow as a first lien against any judgment recovered by the employee, the amount of the employer's expenditure for compensation.'' From this provision of section 26 it follows that in this action, at the proper time, upon application to the court, the employer of the deceased, the Los Angeles Gas and Electric Corporation, will be entitled to have allowed to it as a

first lien against the judgment in this action the sum of $3,237.64. Under these circumstances the defendant insists that it had the right at the trial of the action to show that the Los' Angeles Gas and Electric Corporation was guilty of contributory negligence and thereby defeat the plaintiff's claim to the extent of the amount which might eventually go to said corporation.

Section 1714 of the Civil Code provides for the defense of contributory negligence. Prior to the enactment of the Workmen's Compensation legislation, this defense was available to the defendant in all actions or proceedings instituted for the purposes of recovering damages growing out of the negligence of the defendant. It has been held that the defense of contributory negligence is available to a defendant, even in cases where the party alleged to be guilty thereof was not a party to said action, but only had a beneficial interest therein. Such, for example, where the administrator of the estate of a child, whose death was caused by the negligence of the defendant, was suing the latter for damages, the contributory negligence of the father, who, as an heir of his child, would share in the proceeds of any judgment recovered in said action, was a proper defense thereto. (*Wolf* v. *Lake Erie & Western R. R. Co.*, 55 Ohio St. 517 [36 L. R. A. 812, 45 N. E. 708]; *Cleveland etc. R. Co.* v. *Bossert*, 44 Ind. App. 245 [87 N. E. 158]; *Chicago City Ry. Co.* v. *McKeon*, 143 Ill. App. 598.) Therefore, by virtue of said section 1714 of the Civil Code, this defense, in so far as it affects the rights of the employer, the Los Angeles Gas and Electric Corporation, is available to the defendant in this action unless there is some provision contained in the Workmen's Compensation and Insurance Act of 1917, as amended in 1919, which either directly or indirectly deprived the defendant of the right to interpose the same. By the terms of this act, it is directly provided that in any proceeding or action instituted by the employee against the employer to recover the compensation provided for by said act, "it shall not be a defense to the employer that the employee may be guilty of contributory negligence." (Subd. B, sec. 29.) [1] This provision of the law, however, is limited to such proceedings or actions as may be brought by the employee against the employer, and has no reference to an action

instituted by either against a third person to recover damages for the injury sustained by the employee. Furthermore, our attention has not been called to any provision of said act which directly denies to the defendant in such an action the right to interpose the defense of contributory negligence. There is, however, one provision of the act, which we think at least indirectly bears upon the subject and which must be considered in determining the question before us. This provision is found in section 26 of the act set out in full above, and is as follows: "If the employee joins in, or prosecutes such suit (one against a third person) evidence of the amount of disability indemnity or death benefit paid by the employer shall not be admissible." [2] From this provision of the act it is evident that it was the intention of the legislature to provide that the action between the employee and the third person, or that between the employer and the third person, in which the employee might join, is to be determined without any reference to the amount paid to the employee by the employer or the amount for which the latter might become liable for the injury sustained by the employee. Such an action is to be determined as if no settlement or award had been made as between the employee and the employer. Without evidence of the amount of the death benefit paid by the employer to the employee, it would be impossible, in case the court, or the jury, found that the defendant was negligent and that the employer was guilty of contributory negligence, to determine the amount of the damages which would be barred by contributory negligence of the employer, and the amount, if any, to which the employee would be entitled over and above the amount paid to him by the employer. The consequences, therefore, of complying with this provision of the act would be to make the defendant in such an action, if liable at all, liable for the full amount of the damages sustained by the employee. To hold that in such an action the defendant is liable for the full amount of the damages sustained by the employee, irrespective of the contributory negligence of the employer, is casting no burden upon the negligent third person greater than that borne by him prior to the enactment of the statute. Before the passage of any workmen's compensation acts, a negligent third person was

responsible for all damages sustained through his negligence to one in the employ of another, and the fact that the employer was liable for such injury jointly with a third person, was no defense to such an action in whole or in part; nor could it be made the basis of any proceeding against the employer for contribution towards payment of the judgment recovered by the employee against the third person.

We are, therefore, of the opinion that by the terms of the act of 1917, as amended in 1919, the defendant was precluded from interposing as a defense in this action the contributory negligence of the employer, and that it was not error on the part of the court to sustain the objection to the introduction of evidence in support of this defense.

This precise question has never, to our knowledge, been before the appellate courts of this state, and we have been able to find but two cases in which a question at all similar to the one herein involved has been before any of the courts of this country. In the case of *Otis Elevator Co.* v. *Miller & Paine,* 240 Fed. 376 [153 C. C. A. 302], the United States circuit court of appeals held that in an action by the employer against a third person, brought to recover the amount paid by the employer to the dependents of the employee, under the Workmen's Compensation Act of the state of Nebraska, that the contributory negligence of the employer was no defense in such an action. This case was followed by the supreme court of Iowa in the action of the *Fidelity Casualty Co.* v. *Cedar Valley Electric Co.,* 187 Iowa, 1014 [174 N. W. 709]. These cases were decided upon the ground that the employer, upon making payment to the employee or his dependents, by the express terms of the statute became subrogated to the rights of the employee, and, therefore, the employer, in his action against the negligent third person, stood in the shoes, so to speak, of the employee, and no defense would be available in such an action that could not be pleaded against the employee in case the action was being prosecuted by the latter. [3] Defendant seeks to avoid the effect of these decisions by calling our attention to the fact that the statute of 1917, as amended in 1919, contains no provision whereby the employer became subrogated to the rights of the employee. Under the Workmen's Compensation Act of 1913 (Stats. 1913, p. 279) of this

state, it was expressly provided that the employer became subrogated to the rights of the employee upon the former making payment to the latter. This provision was omitted in the latter statute upon the subject, but in the 1913 act, as well as in the subsequent acts upon the subject, the employer was given a right of action against the negligent third party, and in such action was authorized to recover the full amount of damages sustained by the employee by reason of the injury. If the employer was subrogated to the rights of the employee under the terms of the 1913 statute, as the language thereof clearly provided that he was, we do not think that his position as regards the negligent third person is any less favorable under the latter acts, notwithstanding the failure of the subsequent statutes to provide specifically that he shall be subrogated to the rights of the employee. By the terms of the act of 1917, as amended in 1919, upon paying to the employee compensation for the injury, the employer is given the right to sue the negligent third person for the full amount of damages sustained by the employee. This was the same right given to the employer under the act of 1913. The practical effect of the terms of each statute is to subrogate the employer to the rights of the employee, upon the former paying to the latter the compensation provided by the statute, at least to the amount of such payment.

On the other hand, counsel for the defendant has called to our attention the two cases of *Corey & Son* v. *France,* 1 K. B. 1911, page 114, and *Canadian P. R. Co.* v. *Alberta Clay Products, Ltd.,* 8 B. W. C. C. 645. The first of these two cases was decided under the Workmen's Compensation Act of England, and the second under the Canadian statute. The latter statute was taken from the English act and there is no essential difference in the two statutes upon the subject under consideration. Neither the English nor Canadian act contains any provision whereby the employer is subrogated to the rights of the employee, nor do either of said acts provide, as does that of our own state, that in an action instituted by the employee against the negligent third person, the amount paid by the employer to the employee shall be inadmissible in evidence. As these statutes differ so materially from our own statute, the decisions of the English and Canadian courts construing them are but slight as-

sistance to us in endeavoring to ascertain the true intent and purpose of the legislation of our own state.

*Second.* It is further insisted by the defendant that the evidence shows as a matter of law that the deceased was guilty of contributory negligence which was the proximate cause of his death.

[4] Negligence as a rule, is a question of fact for the jury and it is only when but one conclusion can reasonably be reached from the evidence that it becomes a question of law for the court. (*Herbert* v. *Southern Pac. Co.*, 121 Cal. 227 [53 Pac. 651].) "If one sensible and impartial man might decide that plaintiff had exercised ordinary care, and another equally sensible and impartial man that he had not exercised such care, it must be left to the jury." (*Herbert* v. *Southern Pac. Co., supra* [53 Pac. 651].)

The defendant concedes that it was negligent in the operation of the car which caused the death of Milosevich. This negligence consisted, as conceded by defendant, in driving the car at an excessive rate of speed, in the failure of the motorman to ring his bell when close to the men at work in the street, and in his failure to observe the deceased at his work near the car tracks. But defendant contends that "surely a car coming along this track at twenty miles an hour could have been seen and heard . . . if Milosevich had looked or listened," and that failing to either look or listen was such negligence on his part as would bar any recovery. The evidence shows that the deceased, on the occasion of the injury, was working with a number of other men for the Los Angeles Gas and Electric Corporation. This corporation was engaged in laying a pipe-line in the street over which defendant was operating a single-track electric car line. The trench in which the pipe was to be laid was parallel with the car track and about four feet from the north rail of said track. The line of pipe ran along the southerly edge of the trench and was ten inches in diameter. This would leave about three feet between the north rail of track and the line of pipe. The street-car "overhung" the rail twenty-four inches. Accordingly, there was only about one foot between the southerly edge of the pipe and the car as it passed along the track. The deceased and three others were at work wrapping the pipe with burlap, preparatory

to it being laid in the trench. It was, therefore, necessary for them to be in close proximity to defendant's car track. The evidence showed without contradiction that the deceased, at the time he was struck by the car, was facing the opposite direction from which the car was approaching. [5] Being a workman whose duty required him to be on the street, he was not required to look continually for the approach of a car. (25 R. C. L. 1287; *King* v. *Green,* 7 Cal. App. 473 [94 Pac. 777].) The car line, being a single track, cars might come from either direction, and he could not look both ways at the same time. The evidence, therefore, not only fails to show that he saw the approaching car, but it fails to show that he was negligent in not seeing it as it approached the place where he was at work. Neither is the evidence sufficiently strong to justify us in holding that the deceased was, as a matter of law, guilty of negligence in failing to hear the car, or if he heard it, in failing to avoid being struck by it. It is true that a strong inference might be drawn from the testimony that one working at or near the car tracks, as was the deceased, would hear an approaching car, traveling at the rate of twenty miles an hour, as it approached the place where the latter was at work, but in view of the evidence in the case we are not entirely convinced that a contrary inference could not also reasonably be drawn. Especially is this so, when we consider the testimony of the witness Bowers. The evidence shows that this witness was engaged in the same kind of employment as was the deceased, wrapping pipe with burlap, and that with one exception he was nearer the deceased at the time of the collision than any of the other workmen. He testified that he did not hear the car until he looked up from his work for the purpose of getting a new ball of burlap. He then saw the car "right close to us." Other testimony in the case is to the effect that the car was then about fifteen feet from the deceased. It is true that Bowers was at this time some sixty feet farther away from the car than was the deceased, but this difference in the distance that the two men were from the car, at the time Bowers first saw it but failed to hear it, would not wholly destroy the effect of Bowers' testimony as tending to prove that the car was traveling in such a manner that it was not heard by the deceased as it approached the place

where he was at work.   [6]   We are not able to say, therefore, that the evidence in this case is such that it shows that the deceased was guilty of contributory negligence as a matter of law.

Judgment affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. I am not definitely satisfied that in an action of this kind, prosecuted by the dependent survivors of an employee as sole plaintiffs, against a person other than the employer (an action wherein, as the statute provides, the amount of compensation paid by the employer is not permitted to be shown), the employer will in every case be entitled to apply for and obtain an order establishing a lien in his favor for the amount of compensation paid by him.   It will possibly be a defense to such application, that the employer's contributory negligence was a concurring proximate cause of the damage suffered.   But if so, that will be a question between the plaintiffs and the employer.   In order to make sure that the right of action in a case like this shall not be affected by any compensation claim against the employer, the statute has apparently excluded from the trial of the controversy between the plaintiffs and the defendant herein any consideration of the amount of compensation paid by the employer.   The amount being thus excluded, the plea of contributory negligence of the employer could not affect the amount of the verdict, or be used at all unless to defeat the entire cause of action of the plaintiffs.   But manifestly the legislature did not intend that such cause of action shall be thus destroyed.

Houser, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 13, 1924.

All the Justices concurred.