# THORNTON BROS. COMPANY v. WILLIAM REESE.[1]

January 20, 1933.

No. 29,031.

*Weikert, Lohmann & Felhaber* and *Moonan & Moonan,* for appellant.

*Jackson, Walsh & Yackel* and *Albert J. Mueller,* for respondent.

HILTON, Justice.

Plaintiff appeals from an order denying its motion for a new trial.

It was engaged in the general contracting business. On July 10, 1931, it was paving a highway in Minnesota. One of its employes, Ezra Carlton, was killed while engaged upon that work. Defendant Reese, under the direction and supervision of plaintiff, was employed upon the same job operating an automobile truck. In such work, with a load of concrete ingredients, defendant backed the truck onto a runway for the purpose of dumping the load into a

[1]Reported in 246 N. W. 527.

concrete mixer located in the center of the highway. In that operation Carlton was struck by the truck and killed.

Under the workmen's compensation law proper expenses were paid by plaintiff, and it was liable for death benefits, some of which have been paid. The total liability of plaintiff will not exceed $7,650. Claiming that Reese was a third party whose negligence had caused the accidental death of Carlton, plaintiff instituted this action against him to recover for payments made and for those for which it was liable, by virtue of subrogation rights provided for in said law. The law referred to is found in G. S. 1923 (1 Mason, 1927) § 4291, and is as follows:

"(1) Where an injury or death for which compensation is payable under part 2 of this act is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, such party also being subject to the provisions of part 2 of this act, the employe, in case of injury, or his dependents in case of death may, at his or their option, proceed either at law against such party to recover damages, or against the employer for compensation under part 2 of this act, but not against both.

"If the employe in case of injury, or his dependents in case of death, shall bring an action for the recovery of damages against such party other than the employer, the amount thereof, manner in which, and the persons to whom the same are payable, shall be as provided for in part 2 of this act, and not otherwise; provided, that in no case shall such party be liable to any person other than the employe or his dependents for any damages growing out of or resulting from such injury or death.

"If the employe or his dependents shall elect to receive compensation from the employer, then the latter shall be subrogated to the right of the employe or his dependents to recover against such other party, and may bring legal proceedings against such party and recover the aggregate amount of compensation payable by him to such employe or his dependents hereunder, together with the costs

and disbursements of such action and reasonable attorney's fees expended by him therein.

"The provisions of subdivision 1 of this section shall apply only where the employer liable for compensation under part 2 of this act, and the other party or parties legally liable for damages were engaged in the due course of business, (a) in furtherance of a common enterprise, or (b) the accomplishment of the same or related purposes in operation on the premises where the injury was received at the time thereof, and not otherwise."

There is no statute in any other state similar to the last paragraph above quoted. Gile v. Yellow Cab Corp. 177 Minn. 579, 225 N. W. 911, and cases cited.

In its charge to the jury the court submitted three questions: (a) The negligence of defendant; (b) the contributory negligence of Carlton; and (c) the contributory negligence of plaintiff. The jury's verdict for the defendant may have been reached because it believed from the evidence that defendant was not negligent, or that Carlton was guilty of contributory negligence, or that plaintiff was guilty of contributory negligence, or it might have determined that all three or any two of them were negligent.

The issue of the contributory negligence of plaintiff, as well as that of Carlton, was created by the pleadings; evidence was introduced to prove the same. The assignments of error here on appeal do not call in question adverse rulings, if any, on the submission of evidence relative thereto, nor is the sufficiency of the evidence to establish such contributory negligence questioned by any assignment of error. All the assignments presented here, however, are directed to the submission to the jury of the question of the contributory negligence on the part of Carlton (not raised in the motion for a new trial and hence not here for review, 1 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 358, 358a) and the submission of the question of the contributory negligence of plaintiff. We then have for consideration only one question, i. e. may the contributory negligence of the employer, Thornton Bros. Company, be asserted by the employe, Reese, as a defense?

In Thornton Bros. Co. v. Northern States Power Co. 151 Minn. 435, 186 N. W. 863, 187 N. W. 610, it was stated that whether the contributory negligence of a workman who has received compensation from his employer can be asserted by a third party as a defense when sued by the employer to recover the amount of compensation paid is an open question in this state. As far as the present case is concerned, it still remains an open question, for it is not here for determination.

Had an action been instituted by Mrs. Carlton against Reese, it would have been the exercise of a common law right. The action would sound in negligence. Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20. Thornton Bros. Company, under the compensation act, succeeded to Mrs. Carlton's common law right to sue Reese.

The provisions for subrogation referred to "create no new right of action in either; such provisions serve only to place the employer who pays the compensation in the first instance in the position of the employe in respect to the remedies held against the third person. The employer thereby acquires such rights and such rights only as were at the time vested in the employe; nothing more, and nothing less." Fidelity & Cas. Co. v. St. Paul G. L. Co. 152 Minn. 197, 199, 188 N. W. 265, 266.

In Behr v. Soth, 170 Minn. 278, 212 N. W. 461, the defendant was chief of a city fire department and plaintiff the assistant chief. An accident occurred while both, in the line of duty, were going to a fire. Plaintiff was injured. He sued his fellow employe, the chief, claiming that the latter's negligence caused the injury. Under our law both employes and the employer, the city, were under the compensation act. Both plaintiff and defendant were employes of a common employer. It was held that the chief was a "third party" under the circumstances. Of course he was, as far as his fellow employe, the assistant chief, was concerned. Had the city upon becoming liable for compensation to the injured employe brought suit against the chief under the subrogation provision, we would have a situation the same as the one here involved.

Defendant, plaintiff, and the employe killed were all engaged in a common enterprise on the premises where the accidental death took place. Defendant and the one who met death in his work were both employes of plaintiff and all under the workmen's compensation act. Hence plaintiff, having paid or incurred liability under the act, is subrogated to the rights of the dependents of the employe killed, under § 4291(1), hereinbefore quoted, and may recover from the one whose negligence caused the death of the employe the amount of the compensation paid. For that purpose the employer stands in the shoes of the dependents of the employe.

But the action is one for tort; and, although the employer is subrogated to the rights of the dependents of the employe killed, it is not thereby freed from the legal responsibility which attaches to its negligence if that was the sole proximate cause of the death or if it proximately contributed to the cause of it. It is urged by appellant that had Mrs. Carlton sued to recover damages from Reese he could not have set up as a defense the contributory negligence of Thornton Bros. Company. In such a suit it would be incumbent upon her to establish the negligence of Reese in order to recover. Reese would have the right to show that he was not himself negligent, and in so doing would be permitted to introduce evidence showing how the accident happened and, if he could, that it was due to the sole negligence of Thornton Bros. Company. Manifestly he could not be deprived of his right to make such proof. The same right should be his of showing that the negligence of Thornton Bros. Company was a proximate cause of the accident even though some negligence of his own appeared.

It is not conceivable that the legislature ever intended that an employer who has paid compensation to an accidentally injured employe should have a cause of action against another of his employes whose negligence contributed with the negligence of the employer to cause the injury. It is conceivable that the negligence of the employe sued contributed but slightly to cause the accident while the negligence of the employer was the chief proximate cause of the injury. It cannot be that the subdivision referred to in-

tended to change the existing law as to the right of a joint tort-feasor to contribution from other joint tortfeasors.

Under the workmen's compensation act of England, not substantially different from our own as far as the employer's right of indemnity from a third party whose tort caused the injury to the employe is concerned, it was held that when the employer's negligence proximately contributed to the injury he could not recover. Cory & Son, Ltd. v. France, Fenwick & Co. Ltd. [1911] 1 K. B. 114. The opinion appears to us well reasoned. This was followed and applied under a similar statute in Canadian Pacific Ry. v. Alberta Clay Products, Ltd. 8 B. W. C. C. 645. The authorities in this country to the contrary seem to have originated from a construction given the Nebraska workmen's compensation act in Otis Elev. Co. v. Miller & Paine (C. C. A.) 240 F. 376, and approved by the supreme court of that state in Graham v. City of Lincoln, 106 Neb. 305, 183 N. W. 569. The Nebraska statute [Rev. St. 1913, § 3659] contains this provision [240 F. 379]:

"Where a third party is liable to the employe or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employe or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employe or dependents, but such employer may recover any amount which such employe or his dependents would have been entitled to recover," and provides that the excess above the compensation paid and expenses of suit be forthwith paid to the employe or the dependents.

It was considered that this provision required a construction that where the employer sued the third party not only to reimburse himself for compensation paid but also for the damages sustained by the injured employe or his dependents nothing could be set up as a defense which prevented the injured employe or his dependents from recovering the damages sustained through the negligence of the third party. Fidelity & Cas. Co. v. Cedar Valley Elec. Co. 187 Iowa, 1014, 174 N. W. 709, construed the statute there involved, though not the same as the Nebraska statute, as the court did in Otis Elev.

Co. v. Miller & Paine (C. C. A.) 240 F. 376. In Milosevich v. Pacific Elec. Ry. Co. 68 Cal. App. 662, 666, 230 P. 15, the court based its ruling excluding the contributory negligence of the suing employer to recover from a third party upon the provision of the California statute:

"If the employe joins in or prosecutes such suit, evidence of the amount of disability indemnity or death benefit paid by the employer shall not be admissible."

Under § 4291(1), supra, there is no good reason for holding that the employer may saddle the burden of the entire compensation for the wrongful death of an employe upon another employe who by his negligence may have joined with the negligence of the employer in contributing to the death. We are of the opinion that on the issues raised and the manner in which the case was tried the question of Thornton Bros. Company's negligence was properly submitted to the jury; that under sufficient evidence it was justified in finding, if it did, that such negligence was the proximate cause of the injury. The order denying the motion for new trial was proper.

Order affirmed.

STONE, Justice (concurring in result).

WILSON, Chief Justice (dissenting).

It seems to me that the opinion overlooks the fact that plaintiff in prosecuting this action under the right of subrogation stands in the shoes of Mrs. Carlton. It is her cause of action only. Had she sued Reese, as she had the optional right to do under the statute, Reese could not have precluded her recovery by showing that plaintiff was guilty of any degree of negligence which proximately contributed to the accident. Such would be contributory negligence. That was what the court submitted to the jury. It is quite another thing for Reese to prove, and he would have a right to do so whether Mrs. Carlton or Thornton Bros. Company were plaintiff, that the conduct of plaintiff was the sole cause of the accident. If so, Reese was not liable to anyone, and Mrs. Carlton could not recover against him.

12

Plaintiff is prosecuting here a cause of action which Mrs. Carlton claimed to have had against Reese.

The statutory subrogation serves "only to place the employer who pays the compensation in the first instance in the position of the employe in respect to the remedies held against the third person. The employer thereby acquires such rights and such rights only as were at the time vested in the employe; nothing more, and nothing less." Fidelity & Cas. Co. v. St. Paul G. L. Co. 152 Minn. 197, 199, 188 N. W. 265, 266.

As to such cause of action, Reese should have no different rights in the action by plaintiff than he would have had in an action by Mrs. Carlton. The purpose of the statute giving subrogation is to authorize the employer to reimburse himself by an action against the party whose negligence caused the death. It seems to me the conclusion reached wholly destroys all right of subrogation granted by the statute. The employer is liable for compensation regardless of negligence. That liability is complete and absolute. It is in lieu of his liability for all other reasons. He is liable under the law regardless of negligence. If a third party is negligently the cause of the injury he should reimburse the employer. As a rule the third party is not an employe, but the rule must be the same whether he is or not. The holding in the majority opinion is that the employer is also liable for contributory negligence such as to bar a recovery from a joint wrongdoer. I am unable to grasp the reason or principle to sustain the conclusion reached, and I prefer to follow the authorities which support plaintiff's contention.

This question seems to have been involved in Carlson v. Minneapolis St. Ry. Co. 143 Minn. 129, 173 N. W. 405, wherein the trial court, Fish, J., held that contributory negligence on the part of the employer in suing the third person could not be shown as a defense. This court, however, did not reach the question because the jury found that the defendant was not negligent.

In City of Shreveport v. Southwestern G. & E. Co. 145 La. 680, 686, 82 So. 785, 787, a fireman was electrocuted while in the per-

formance of his duty, and the city paid compensation to his widow, prosecuting an action under a contractual subrogation against the defendant, the owner of the wires involved, which set up the contributory negligence of the city. The court said:

"Other defenses are contributory negligence on the part of the plaintiff city, and estoppel because of the city's electrician not having condemned the location of this wire, but having, on the contrary, impliedly approved it by not objecting to it. Suffice it to say of these defenses that the city is not suing in her own right, but is simply enforcing the rights of the widow and children of the decedent."

In Milosevich v. Pacific Elec. Ry. Co. 68 Cal. App. 662, 669, 230 P. 15, 18, referring to Otis Elev. Co. v. Miller & Paine (C. C. A.) 240 F. 376, and Fidelity & Cas. Co. v. Cedar Valley Elec. Co. 187 Iowa, 1014, 174 N. W. 709, the court said:

"These cases were decided upon the ground that the employer, upon making payment to the employe or his dependents, by the express terms of the statute became subrogated to the rights of the employe, and therefore, the employer, in his action against the negligent third person, stood in the shoes, so to speak, of the employe, and no defense would be available in such an action that could not be pleaded against the employe in case the action was being prosecuted by the latter."

The practical effect of the terms of each statute involved in all of the cases cited in the opinion herein referred to is to subrogate the employer to the rights of the employe upon the former's paying to the latter the compensation provided by the statute. Any distinction seems to be theoretical.

If the law is to be as indicated in the opinion, then I assume that when an employe makes his election under the statute to sue the third party instead of asking for the compensation to which he is entitled from the employer, the third party may interpose as one of his defenses the contributory negligence of the employer, and if he establishes such contributory negligence the employe cannot recover

from the third party. The employe, having made such election, may be defeated by this defense, and it is then too late for him to claim and receive compensation. I do not believe that the legislature ever intended to subject the employe to this defense if he availed himself of the right to sue the third party.

The right of an employe or his beneficiaries to compensation exists by virtue of the provisions of the workmen's compensation act and does not sound in tort. The fact that there may be contribution between joint tortfeasors under some circumstances and not under other circumstances (D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766) is not germane to the question now before us. But if plaintiff is barred by contributory negligence, it should at least have contribution. As said in Fidelity & Cas. Co. v. Cedar Valley Elec. Co. 187 Iowa, 1014, 1021, 174 N. W. 709, 711:

"The statute manifestly does not contemplate that both proceedings shall be available to the employe, or his beneficiaries, only when his injuries are due solely to the negligence of 'some other person than the employer,' but is equally applicable, should it be made to appear that his injuries were the result of the joint or concurrent negligence of the employer and some other person."

It seems to me that the authorities cited, including Graham v. City of Lincoln, 106 Neb. 305, 183 N. W. 569, and Otis Elev. Co. v. Miller & Paine (C. C. A.) 240 F. 376, give the right construction to the statute as written. In Milosevich v. Pacific Elec. Ry. Co. 68 Cal. App. 662, 670, the court, referring to Cory & Son, Ltd. v. France, Fenwick & Co. [1911] 1 K. B. 114, and Canadian Pacific Ry. v. Alberta Clay Products, Ltd. 8 B. W. C. C. 645, said:

"The first of these two cases was decided under the Workmen's Compensation Act of England, and the second under the Canadian statute. The latter statute was taken from the English act, and there is no essential difference in the two statutes upon the subject under consideration. Neither the English nor Canadian act contains any provision whereby the employer is subrogated to the rights of the employe, nor do either of said acts provide, as does

that of our own state, that in an action instituted by the employe against the negligent third person, the amount paid by the employer to the employe shall be inadmissible in evidence. [A provision not here important.] As these statutes differ so materially from our own statute [the statute then under consideration being in substance the same as ours], the decisions of the English and Canadian courts construing them are but slight assistance to us in endeavoring to ascertain the true intent and purpose of the legislation of our own state."

I am of the opinion that the submission of contributory negligence on the part of the plaintiff was reversible error.