# L. M. COLEMAN v. MINNEAPOLIS STREET RAILWAY COMPANY and Others.[1]

February 3, 1911.

Nos. 16,875—(220).

**Concurrent negligence.**
    In an action to recover damages for personal injuries, it is *held* that the evidence justified the jury in finding that the concurrent negligence of defendants, acting independently, was the proximate cause of plaintiff's injury.

Action in the district court for Hennepin county to recover $5,300 for personal injuries. The facts are stated in the opinion.

[1]Reported in 129 N. W. 762.

The case was tried before Simpson, J., and a jury which returned a verdict against both defendants in the sum of $3,300. Defendants Hartig and Hellier moved for judgment notwithstanding the verdict, and their motion was denied; their motion for a new trial was granted, unless plaintiff consented to a reduction of the verdict to $2,500. From the judgment entered pursuant to the verdict as reduced, defendants Hartig and Hellier appealed. Affirmed.

*P. J. McLaughlin*, for appellants.

*John F. Dahl, W. O. Stout*, and *D. R. Frost*, for respondent railway company.

*Albert E. Clarke* and *D. F. Carmichiel*, for plaintiff.

BROWN, J.

Plaintiff, an electrical engineer, was in the employ of defendants Hartig & Hellier, a copartnership. On September 4, 1908, he was engaged in wiring a building in the city of Minneapolis in performance of a contract entered into by his firm with the owner thereof. On the afternoon of that day, with Mr. Hellier, a member of the firm, he started from their workshop to the building being wired with an auto truck loaded with material to be used in the building. They were required to cross Fourth Avenue South, upon which defendant railway company operates its street cars. Hellier was guiding and controlling the movements of the auto truck, and plaintiff was seated with him in the front end thereof. As they crossed the car tracks on Fourth Avenue South, the truck was struck by a street car, and plaintiff, as a result thereof, received serious injuries to his person. He thereafter brought this action against the street railway company and his employers, charging the railway company with negligence in the operation of its car and his employers with negligence in operating the auto truck. Plaintiff had a verdict against both defendants, and defendants Hartig & Hellier moved the court in the alternative for judgment or a new trial, which was denied. The court, however, reduced the verdict from $3,300 to $2,500, which plaintiff consented to. Judgment was thereafter entered, and Hartig & Hellier appealed.

The assignments of error in this court present only one question, namely, whether the court below erred in denying appellants' mo-

tion for judgment notwithstanding the verdict. The errors assigned below as a basis for the motion for a new trial are not urged on this appeal. We have only to determine, therefore, whether the evidence was sufficient to justify the jury in finding negligence on the part of appellants.

It is not questioned that appellants, having undertaken to convey plaintiff in an auto truck to his place of work, owed him on the occasion in question, in respect to the operation and control of the truck, the duty of exercising reasonable care for his protection from injury likely to follow a negligent or improper management of the same; nor can it be questioned that the street car company owed plaintiff the duty of exercising reasonable care to avoid injury to him. As to plaintiff both may be liable on the doctrine of concurrent negligence, though in a controversy between themselves one defendant might be exonerated because of the contributory negligence of the other. Plaintiff, in riding in the auto truck with a member of defendant firm, was not engaged in a joint enterprise, nor had he any control over the movements of the truck. A member of the firm was operating it, and his negligence cannot be attributed to plaintiff. So that if there was negligence in the management of the truck, and in operation and control of the street car, plaintiff may recover against both defendants, for no claim is made that he was guilty of any negligence contributing to the accident. If both were in a measure negligent, as to plaintiff they were joint wrongdoers. To entitle appellants to a reversal, therefore, it must appear that they were wholly free from fault. King v. Chicago, M. & St. P. Ry. Co., 77 Minn. 104, 79 N. W. 611; McClellan v. St. Paul, M. & M. Ry. Co., 58 Minn. 104, 59 N. W. 978; Johnson v. Northwestern Tel. Exch. Co., 48 Minn. 433, 51 N. W. 225; 29 Cyc. 487.

We shall not discuss the evidence. It is sufficient to say that we have examined the record and find therein evidence reasonably and fairly tending to sustain the jury in finding negligence on the part of defendants in the management of the truck by Hellier, a member of the firm, and, whether greater or less in degree than that of the street car company, sufficient to support the verdict for plaintiff.

The driver of the truck was aware of the fact, on approaching the car track, that a street car might be approaching from one direction or another, and that unless he kept his truck under control a collision might occur, if the approaching street car was not also under control. The evidence tends to show that he observed the car in time to have avoided the collision, but instead of stopping the truck, or turning aside, as he could have done, he attempted to cross in front of the approaching car, and was struck just as the rear end of the truck was passing over the track. It is probable that if the motorman had been in control of his car, or had not been running the same at an excessive speed, the auto could have safely made the crossing. But this does not concern the plaintiff. As to plaintiff the concurring negligence of defendants was the proximate cause of his injury.

Judgment affirmed.

SIMPSON, J., heard the case below, and JAGGARD, J., absent, took no part.