**ANDERSON v. KENOSHA AUTO TRANSP., Inc., et al.**

**Clv. No. 744.**

District Court, D. Minnesota, Fifth Division.

Nov. 7, 1946.

Meagher & Geer, of Minneapolis, Minn., for plaintiffs.

Freeman & King, of Minneapolis, Minn., and Hunt, Palmer & Hood, of Duluth, Minn., for defendant in support of said motion.

Abbott, MacPherran, Dancer & Montague, and Harry C. Applequist, all of Duluth, Minn., for Hilmer Carlson, in opposition to said motion.

DONOVAN, District Judge.

Defendants, pursuant to Federal Rules of Civil Procedure, rule 14, 28 U.S.C.A. following section 723c, after service of answer, moved, on notice to the plaintiff, for leave as a third-party plaintiff, to serve a summons and complaint upon Hilmer Carlson, a person not party to the action.

The pleadings and supporting affidavits disclose the action to be one for damages for personal injuries attributed to a collision occurring on a public highway in Morrison County, Minnesota, between a truck owned by defendant Kenosha Auto Transport Inc., and operated by its employee, the defendant Charles T. Brown, with an automobile owned and operated by said Hilmer Carlson, and wherein plaintiff was a passenger.

Defendants' answer expressly alleges that Hilmer Carlson was liable, to some extent at least, for the injuries and damage sustained by plaintiff.

Opposing the motion, Hilmer Carlson contends that defendants have no cause of action against him until payment has actually been made to plaintiff by defendants.

It would not be improper for plaintiffs to sue defendants and Hilmer Carlson as joint tort-feasors, and their liability or non-liability could then be determined under the substantive law of Minnesota. In such an action, the tortious conduct of one or both of the defendants, and of Hilmer Carlson, would be in issue, and necessity for a second suit for contribution by the absent joint tort-feasor would not arise.

266

Trial courts know that truth and justice are better served if all matters related to cause and effect be considered, and all parties involved present their evidence, in the same proceeding. Doing this in the instant case will not conflict with or do violence to the substantive law of Minnesota which governs the rights of the third-party defendant.

The law here applicable is clearly expressed by Judge Nordbye in Jeub et al. v. B/G Foods, Inc., D.C., 2 F.R.D. 238, at pages 240 and 241, as follows:

"The invoking of the third-party procedural practice must not do violence to the substantive rights of the parties. However, an acceleration or an expedition of the presentation of such rights does not conflict with any Minnesota law. Rule 14 of the Federal Rules of Civil Procedure permits the impleader of a party 'who is or may be liable.' The fact that an independent action for money recovery could not be brought at this time does not militate against B/G Foods' right to invoke a procedure which will determine rights of the parties concurrently with that of the basic proceeding, and if and when any loss has been sustained as to which Swift and Company is liable over, the laws of this State in regard thereto may be made effective. That Rule 14 is not restricted to the rights of indemnity or contribution which are presently enforcible, is sustained by Burris v. American Chicle Co., 2 Cir., 1941, 120 F.2d 218, and People of State of Illinois v. Maryland Casualty Co. (Bowen), D.C., 2 F.R.D. 241.

\* \* \* \* \* \*

"The apparent purpose of Rule 14 is to provide suitable machinery whereby the rights of all parties may be determined in one proceedings.

\* \* \* \* \* \*

"Whether such rights are by way of contribution between joint tort feasors or by way of indemnity, this Court does not express any view."

The third-party practice permitted by Rule 14 eliminates the multiplicity of suits illustrated in Duluth, Missabe & Northern Railway Company v. McCarthy, 183 Minn. 414, 236 N.W. 766.

■ This seems a proper case for the application of Rule 14, permitting defendants, on notice to the plaintiff, to serve a summons and complaint upon Hilmer Carlson, who is not a party to the action, and who may be liable for all or part of plaintiff's claim.

An exception is reserved to Hilmer Carlson.