Vivian Beckner Way, Administratrix, Appellant, v. Waterloo, Cedar Falls & Northern Railroad et al., Appellees.

No. 47095.

(Reported in 29 N. W. 2d 867 and 174 A.L.R. 723)

DECEMBER 16, 1947.

REHEARING DENIED FEBRUARY 13, 1948.

R. W. Zastrow and W. K. Carr, both of Charles City, and Harris, Van Metre & Buckmaster, of Waterloo, for appellant.

Swisher, Cohrt & Swisher, of Waterloo, for Waterloo, Cedar Falls & Northern Railroad, appellee.

McCoy & Beecher, of Waterloo, for Ralph D. Foley, appellee.

MULRONEY, J.—On December 7, 1944, a truck owned by the defendant Ralph D. Foley was proceeding north on Lake Street in Waterloo, Iowa. At a place where the tracks of the defendant Waterloo, Cedar Falls & Northern Railroad cross said street the truck and an electric engine of the railroad met in collision. Maurice K. Beckner, a switchman employed by defendant railroad, who was riding on the running board of the engine, received injuries in the collision from which he died four days later. His wife, now Mrs. Way, as executrix of his estate, brought suit against the railroad and Foley. Her petition as amended sought recovery from both on the ground of their negligent operation of the truck and train proximately causing the accident and consequent death of decedent. It was alleged in the petition as amended that the train was being operated in interstate commerce at the time of the accident and that the action as against the defendant railroad "is brought under the Federal Employers' Liability Act (45 U. S. C. A., Sec. 51 et seq.)."

The defendant railroad moved for separate trial on the ground that "complications and confusions" would arise in the trial if it should be allowed to proceed as to both defendants so as to prevent the railroad from obtaining a fair trial. The motion pointed out that recovery was sought as to the railroad under the Federal Employers' Liability Act, 45 U. S. C. A., section 51 et seq., and as to Foley under statutory and common law; that the evidence necessary to make out a case against each would be substantially different; that it would be necessary to give the jury substantially two separate sets of instructions; that the interests of the defendants are so adverse that confusion will necessarily arise in the exercise of challenges and strikes in the selection of a jury; and that during the course of the trial evidence would undoubtedly be offered which would be admissible as against one and inadmissible as to the other and the

making of objections and the court's rulings would tend to confuse the jury.

The trial court sustained the railroad's motion as to all the grounds stated therein, and then stated: "Case against defendant Ralph D. Foley to be tried first, commencing at 2 P. M. October 14, 1946." The theme of this opinion will be a review of the trial court's ruling on the railroad's motion for separate trial, but let us first glance at the evidence that was introduced in the trial of the case against defendant Foley.

The collision occurred around noon of December 7, 1944. The railroad motorman testified he was backing across the street in an easterly direction and traveling five or six miles an hour. The electric engine was pulling six or seven cars. He knew Mr. Beckner, the switchman, was on the rear running board of the engine. He was on the north side of the cab. He stated:

"I did not see the Foley truck until he was right back of the motor. Just as I turned around I saw the cab of the truck going by the motor and roll Mr. Beckner on the ground. * * * I was not facing the direction the train was backing up. I was looking both ways but facing north. We were going east, at about five or six miles an hour. I first knew the accident happened when I saw the truck back of the motor and had rolled Mr. Beckner off. When I first saw the front end of the truck it was up to the cab of the truck. The front end had gone by. I could not see how fast it was going at all. The truck was on the track before I saw it. I was paying attention to people crossing the street. I did not see the truck at all until it was on the track. I was looking both ways. I had looked in the direction of the truck a few minutes before."

There was other evidence given by the motorman and other railroad employees that the bell on the train was ringing and that Mr. Beckner's duties were to watch the trolley. It was explained that in backing up the trolley was being pushed ahead of the motor and sometimes it might come off.

The defendant Foley testified he was driving a 1938 International truck with a stock rack. He had unloaded hogs at the packing house and then cleaned out his truck at the manure dump about a block south of where the accident occurred. As

he proceeded north toward two sets of tracks he noticed refrigerator cars standing on the south track, on the west side of the street. The streets were covered with snow and ice and he estimated his speed at ten to fifteen miles an hour. He stated:

"As I started across the south track I was looking west to my left. I looked continuously from the time I approached that intersection until the time of the collision. When I first saw this train approaching the front end of my truck, the bumper was practically on the south rail of the north track. That was when I first saw the train approaching. I had been looking to the left all of the time and was listening. I did not hear any bell ringing or whistle. The window of my truck was closed. The door was closed. I had approached intersections before. When I first saw this motor approaching from the left, I would say it was 20 feet from the west side of Lake Street. I threw the car into second and stepped on it and tried to get across. Because the front end was practically on the track and it was slippery and I could not stop, so I thought the only way was to get ahead of it. From the time I first saw it and sped up to get across, I could see 20 to 25 feet to the left. This train was on the north track. When the motor struck the truck the back end skidded around to the north. I did not see anyone standing on the rear end of the motor. I did not see the man that was injured [Beckner] at any time before the collision. I saw Mr. Beckner after the collision. He was lying on the east side of the road on the ground on Lake Avenue. I would say about 10 feet from the north rail of the north track. I stopped from 60 to 75 feet from the track."

Foley's wife and fourteen-year-old son, who were riding with him, corroborated his testimony.

The jury, after hearing arguments of counsel and instructions of the court, returned a verdict for defendant Foley.

■ I. All authorities agree that joint tort-feasors are jointly and severally liable for injuries caused by their concurring negligence. The rule stated in Restatement of the Law, Torts, section 879, is:

"* * * each of two persons who is independently guilty of

tortious conduct which is a substantial factor in causing a harm to another is liable for the entire harm, in the absence of a superseding cause."

See, also, 62 C. J., Torts, section 44; McDonald v. Robinson, 207 Iowa 1293, 224 N. W. 820, 62 A. L. R. 1419.

■ II. Since joint tort-feasors are jointly and severally liable they are suable jointly or in separate actions at the injured party's election. The rule stated in Restatement of the Law, Torts, section 882, is:

"Where each of two or more persons is liable for the full amount of damages which are allowed for a single harm resulting from their tortious conduct, the injured person can properly maintain a single action against one, some, or all of them."

See, also, 62 C. J., Torts, section 44.

■ III. The railroad admits the soundness of the foregoing propositions. It is stated in their brief:

"This action was properly commenced under the Rules of Civil Procedure by joining both defendants in the same petition, and the cause would have proceeded to trial against both had no motion for separation been filed."

Of course, the Rules of Civil Procedure and the statutes superseded by the Rules were not designed or intended to take away any rights of joinder of defendants that a party would have had at common law. Rule 24, Iowa Rules of Civil Procedure, is entitled "Permissive joinder of defendants," and it provides that:

"Any number of defendants may be joined in one action which asserts against them, jointly, severally or in the alternative, any right to relief in respect of, or arising out of the same transaction, occurrence, or series of transactions or occurrences, when any question of law or fact common to all of them is presented or involved."

A study of the Rule and the statutes it supersedes would seem to indicate that if plaintiff would have had the right to so sue both jointly at common law the statutes and Rules were

designed to *preserve* that right and broaden and extend the right of joinder to other fields of litigation. One of the joinder statutes superseded by our Rules of Civil Procedure is section 10972, Code, 1939, and an antecedent statute to section 10972 is section 2761, Revision of 1860, which provided:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff; or who is a necessary party to a complete determination or settlement of the question involved in the action."

The first comment on the foregoing statute found in the Revision is:

"This section was borrowed from the chancery practice, and was intended to preserve the right and duty of a plaintiff to make parties all persons directly interested in the question or controversy stated in the complaint."

See, also, Iowa Lillooet Gold Min. Co., Ltd., v. Bliss, 144 F. 446, 453.

We need not trace the law down through succeeding Codes. It is perfectly clear that each succeeding change in the statute was designed to extend that permission which was *preserved* in the earliest statute. A reading of the Rule will show that it is much more liberal than the statutes that existed prior to the Rule. Again the plan to liberalize and extend the joinder right that was *preserved* in the original statute is carried forward. The author's comment in Cook's Iowa Rules of Civil Procedure following Rule 24 states on page 60: "Joinder that was permitted under prior statutes certainly will be permitted under the liberal provisions of this Rule." The author goes on to state that Iowa decisions before the Rule that denied the right of joinder are now of questionable value as precedents. But the point is that the statutes and Rule have always both *preserved* and *permitted* joinder rights. So, if plaintiff's right to sue both joint tort-feasors in a single action is one that he had at common law, the right is preserved to him by the statutes and the Rule.

IV. But the railroad argues, in support of the ruling, that the court had discretion in the matter under Rule 186,

Rules of Civil Procedure, and the decision should not be reversed except on a clear showing of abuse of discretion. Rule 186 provides as follows:

"In any action the court may, for convenience or to avoid prejudice, order a separate trial of any claim, counterclaim, cross-claim, or of any separate issue of fact, or any number of any of them. Any claim against a party may be thus severed and proceeded with separately."

Does this Rule give discretion to the trial court to take away a common-law right to sue both joint tort-feasors in a single action, which right was preserved under Rule 24 and the statutes it supersedes? Can this right be taken away upon a showing of inconvenience by one defendant? We think not. The Rule was obviously intended to operate in the field of permissive joinder—the rights of joinder actually conferred by Rule 24. This is again illustrated by the author's comment in Cook's Iowa Rules of Civil Procedure where, following Rule 186, the author states on page 397: "In view of the liberal joinder provisions it was necessary to broaden Code section 11437, although fundamentally the change is not great." Rule 24 and Rule 186 contain the substance of Federal Rules of Civil Procedure 20(a) and 42(b) respectively, 28 U. S. C. A. 516, 648. In Collins v. Metro-Goldwyn Pictures Corp., N. Y., 106 F. 2d 83, 85, Circuit Judge Hand of the Second Circuit Court of Appeals commented on the liberal joinder provisions of the Federal Rules, and then stated:

"Rule 42(b) conferring power to order a separate trial of any claim or any separate issue, and Rule 54(b) conferring power to enter separate judgments at various stages, appear to have been designed to meet the difficulties arising from these liberal joinder provisions."

We think it abundantly clear that Rule 186 was not designed or intended to take away or curtail any right of joinder. The legislative history of this state is to add to the joinder rights which litigants possessed at common law and it would seem that such is the legislative history of other states. In the

comment under Restatement of the Law, Torts, section 882, previously quoted, it is stated on page 453: "Modern statutes have largely *extended* the right to join in one action claims against a number of persons." (Italics supplied.)

V. We do not mean to hold that in no case could one joint tort-feasor be granted a separate trial. Even in the absence of a statute or rule, the court would have the power in a proper case to grant a severance. 1 C. J. S., Actions, section 118. What we do mean is joinder of tort-feasors is a substantial right that has been preserved, not conferred, by our statutes and Rules, and unless the case is a proper case for separation, and this appears from the pleadings and motion, no severance will be permitted.

The plaintiff's right to join tort-feasors in a single action will not be taken away to suit the convenience of the defendants or either of them, nor will it be taken away to avoid prejudice in the sense that in a joint suit one defendant will be in a more unfavorable position than he would be in a separate suit. Before the plaintiff's right to sue tort-feasors in a single action will be taken away there must be an affirmative showing that a legal prejudice either will result or will likely result from a joint trial; that the joint trial will result in depriving a defendant of some substantial right, not available to him in a joint trial, but one that would be available to him if the cause as to him were tried separately. With such a showing there would be a substantial right of the plaintiff and of the defendant moving for severance involved and the decision should rest in the discretion of the trial court.

█ VI. We must determine whether or not the action was severable from the petition and perhaps from the facts and grounds alleged in the motion. Smith v. McDowell Furniture Co., 220 N. C. 155, 16 S. E. 2d 685; Hoesel v. Cain, 222 Ind. 330, 53 N. E. 2d 165.

The petition is in all respects the usual and ordinary petition against joint tort-feasors for a single harm. It alleges eight acts of negligence against the railroad and six against Foley and that their negligence was concurrent and the proximate cause of the injury and death of Maurice K. Beckner. The prayer was for $50,000 judgment against both and each of the defendants. This was like the petition considered in McDonald

v. Robinson, 207 Iowa 1293, 1295, 1297, 224 N. W. 820, 821, 62 A. L. R. 1419. In that case the plaintiff pedestrian was injured when a collision between two automobiles deflected one from its course so that it struck and injured her. Plaintiff sued the owner of one car and the owner and driver of the other and recovered a judgment against both. The opinion states the question of a misjoinder of causes of action and of parties was raised at every step and the denial of severance was the chief ground of error alleged by the appellant. In affirming the judgment, the opinion states:

"If the acts of two or more persons concur in contributing to and causing an accident, and but for such concurrence the accident would not have happened, the injured person may sue the actors jointly or severally, and recover against one or all, according to the proven or admitted facts of the case. Boswell & Tobin v. Gates, 56 Iowa 143; Lull v. Anamosa Nat. Bank, 110 Iowa 537; McCann v. Clark, 166 Iowa 705; Yocum v. Husted, 185 Iowa 119; Jahr v. Steffen, 187 Iowa 168; Dickson v. Young, 202 Iowa 378."

Besides the Iowa cases cited above, the opinion cites a number of decisions from other jurisdictions as supporting the same rule, and the opinion goes on to hold:

"The injury in this case was indivisible. There was no possible way by which it could be said that the negligence of one or of the other of the defendants was the sole or proximate cause thereof."

See, also, annotation 62 A. L. R. 1425; Blackwell v. American Film Co., 48 Cal. App. 681, 192 P. 189; Carlton v. Boudar, 118 Va. 521, 88 S. E. 174, 4 A. L. R. 1480; Texas Cities Gas Co. v. Dickens, Tex. Civ. App., 133 S. W. 2d 810; 9 Blashfield, Cyclopedia of Automobile Law and Practice, Part 1 Perm. Ed., section 5868; Reader v. Ottis, 147 Minn. 335, 180 N. W. 117, 16 A. L. R. 463, and annotations at 465.

 No right of severance existed because of the relationship of employer and employee existing between the railroad and deceased. Coleman v. Minneapolis St. Ry. Co., 113 Minn. 364, 129 N. W. 762.

In Prosser on Torts 330, the author states the case of the two automobiles that collide and cause injury to a third person is the "typical case" that is "incapable of any logical division" and "entire liability rests upon the obvious fact that each has contributed to the single result, and that no rational division can be made."

 Applying the rules laid down in the foregoing authorities, we hold that no right of severance existed as to either party under the allegations of the petition.

 VII. The motion pointed out that the petition as amended sought recovery against the railroad under Federal Employers' Liability Act and the case against Foley arises out of the common and statutory law of the state of Iowa. We cannot see how this gives any right of severance to the railroad. In the comments under Restatement of the Law, Torts, section 879, previously quoted, it is stated on page 446:

"It is immaterial that as between the two, one of them was primarily at fault for causing the harm or that the other, upon payment of damages, would have indemnity against him. It is also immaterial that the conduct of one was seriously wrongful while the conduct of the other was merely negligent or, indeed, blameless. *Likewise it is immaterial that the liability of one is based upon common law rules while that of the other is based upon a statute.*" (Italics supplied.)

We have found no case where the right to sue, in a single action, one joint tort-feasor under the Federal Employers' Liability Act and one under the common law was ever questioned. A case where such a suit was maintained is Casseday v. Baltimore & Ohio R. Co., 343 Pa. 342, 343, 22 A. 2d 663, 664. In this case the judgment was recovered as to both but the judgment against the railroad was reversed on the ground of insufficient proof of its negligence. The facts are almost identical with the instant case for Casseday, the plaintiff, was a freight conductor and he was injured while standing on the back platform of a caboose as the freight train backed across a crossing and there met the other defendants' truck in a collision. The opinion does not discuss the question here involved, but in the statement of facts it appears:

"Casseday instituted this action in trespass against his employer, Baltimore & Ohio Railroad Company, under the Federal Employers' Liability Act * * * and also against M. J. Hannon and R. A. Hannon [truck owners], under the common law."

We hold that the fact that plaintiff sought recovery against the railroad under the Federal Employers' Liability Act gave no right of severance to the railroad.

The other grounds of the motion are that the defendants are (1) hostile to each other (2) that the evidence necessary to make out a case against each will be different (3) that confusion will result as to the selection of a jury, and (4) that evidence will be admissible as to one but not as to another and confusion will arise in rulings in such instances. We can eliminate (2) and (4), for it can be admitted the evidence to charge each with negligence will be different and it is usual in joint actions that evidence would be admissible as to one defendant and not as to another, though it is a little difficult to see how this could be determined in advance of trial. Such a situation was handled by instructions in McDonald v. Robinson, supra. Compare first opinion, 218 N. W. 625, and last opinion after rehearing, 207 Iowa 1293, 224 N. W. 820, 62 A. L. R. 1419. See, also, Texas Cities Gas Co. v. Dickens, supra, Tex. Civ. App., 133 S. W. 2d 810, 813. The fact that the parties defendant are antagonistic or that the railroad foresees difficulties in drawing a jury is immaterial. See Driefus v. Levy, La. App., 140 So. 259, 261. In this last-cited case, where it was held the trial court committed no error in refusing severance where a guest in one colliding car sued both drivers, the court stated:

"Invariably, as in this case, when joint tort-feasors are joined in the same suit, their defenses are antagonistic, for each attempts to place the blame on the other. * * * The ruling of the lower court allowing only six peremptory challenges to both defendants was correct."

The court further stated: "Joint tort-feasors are solidarily liable."

It is our holding that the grounds for severance alleged in the motion are without merit.

VIII. The only two cases cited in the railroad's brief are Manley v. Paysen, 215 Iowa 146, 148, 244 N. W. 863, 864, 84 A. L. R. 1330, and Fay v. Dorow, 224 Iowa 275, 276 N. W. 31. In the Manley case an appeal was allowed from the trial court's ruling refusing to sever plaintiff's suit against two tortfeasors and the ruling was reversed. The suit was for the death of a guest in Manley's car who was killed when Manley's car collided with Paysen's car. The administratrix sued Manley and Paysen. The deceased was Manley's brother, and Manley answered, admitting the deceased was blameless, but denied his own recklessness and averred Paysen was negligent as charged in the petition. There is language in the opinion that because of hostility between the defendants and because one would be liable for recklessness and one for negligence, the severance should be granted. Also that the difficulty of selecting a jury might affect substantial rights of either one of the defendants. But the opinion goes on to hold:

"The family relationship existing between the defendant Manley and the decedent and the plaintiff is a circumstance proper to be considered by the court in the consideration of the application. This family relationship presumably has its sympathies and its affections. It operates naturally to create a motive for collusion and mutual confidences between such defendant and the plaintiff. Such a situation is not conducive to a fair trial for Paysen even though no collusion exists in fact and even though no mutual confidences are exchanged. In either event it is desirable that no such opportunity or temptation should be presented in the course of the litigation."

The decisions of other courts are not in accord upon the proposition that the difference in liability of tort-feasors—one being liable for recklessness and one being liable for negligence —furnishes a proper ground for severance. Since contributory negligence is not a bar to recovery against a reckless driver, a complicated question as to the right of one negligent tort-feasor being entitled to recover against the reckless tort-feasor might arise. In any event, the holding in the Manley case is not in

point here. The liability in this case of the two tort-feasors is the same. The railroad admits in its brief that "the cause of action against each defendant is predicated upon negligence." The language as to possible difficulty in selecting a jury being likely to affect substantial rights is dictum and will not be considered authority.

The Fay case cited by the railroad was an appeal from an order overruling a motion for more specific statement. It, too, was a case brought by an administrator for the death of an occupant of one colliding car against the driver and owner of the car in which deceased was riding and the driver and owner of the other car. The petition was obviously an attempt to get around the rule of the Manley case for it charged both defendants with recklessness, presumably so that the petition would charge the tort-feasors with the same liability. The petition was met by a motion for more specific statement by defendant Dorow, who would only be liable for negligence, and we held the motion should have been sustained. The case is not in point.

IX. We are not unmindful of the fact that the railroad will possibly be at some disadvantage in the joint trial. But the railroad will have the right to urge every defense it would have in a separate trial. The court cannot anticipate that the instructions will confuse the jury. We suspect the chief disadvantage will be the inability in a joint trial to shift the entire responsibility upon the other codefendant. That is an advantage that the railroad should not have under the pleaded case of joint liability based upon actual joint perpetration by the two concurring parties. The record here shows that the defendant Foley took full advantage of the situation presented by the severance. It was brought out that the plaintiff had a suit pending against the railroad for $50,000 damages for the death of Mr. Beckner in this accident. The argument to the jury by Foley's counsel is set forth in the record. Appellant bases an argument of misconduct on parts of this argument. There was no misconduct. Counsel's remarks were well within the rules of legitimate inference drawn from testimony in the case. But the argument does illustrate the terrific disadvantage in which

258

plaintiff was placed by the severance. Counsel's argument in defense of Foley consisted in the main of a scathing denunciation of the railroad and a charge of negligence on the part of the railroad that was the sole cause of the accident. The plaintiff, who admittedly had a suit for $50,000 pending against the railroad for the death of Mr. Beckner, was forced to defend the railroad to some extent, or at least argue that its negligence was not the sole cause of the accident.

In the interest of justice, the issue as to negligence of either or both of the joint tort-feasors should be presented in one trial. Plaintiff should not, in a forced separation, be put to the hazard of two juries, each believing the absent tort-feasor the wrongdoer.

Other errors are asserted in plaintiff's brief. They will not be considered because of our conclusion that the trial court erred in sustaining the motion for severance. For that error the cause is reversed for new trial as against both defendants. —Reversed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, MANTZ, SMITH, and HAYS, JJ., concur.