KITTLESON v. AMERICAN DIST. TELEGRAPH CO. (ARMOUR & CO., Third-Party Defendant).

Civil Action No. 403.

United States District Court
N. D. Iowa
Central Division.

Nov. 29, 1948.

George D. Dunn, Ray F. Clough, and Ray E. Clough, all of Mason City, Iowa, for plaintiff, Ray Kittleson.

John A. Senneff, Earl Smith, and Robert L. Bliss, all of Mason City, Iowa, for defendant and third-party plaintiff American Dist. Telegraph Co.

Ray F. Clough and Ray E. Clough, both of Mason City, Iowa, for third-party defendant Armour & Co.

GRAVEN, District Judge.

Motions by the original plaintiff and the third-party defendant to dismiss the third-party complaint of the original defendant, involving questions relating to contribution among joint or concurring tort-feasors and limits of liability of an employer coming under the provisions of the Iowa Workmen's Compensation Act, Ch. 85, Code of Iowa 1946.

Armour & Company operates a meat packing plant at Mason City, Cerro Gordo County, Iowa. On May 14, 1947, employees of the American District Telegraph Company were at work on the roof of one of the plant buildings repairing the signalling system pursuant to contract between the Telegraph Company and Armour & Company. While so engaged one of these employees, John K. Cunningham, fell through a skylight and landed on Ray Kittleson, an employee of Armour & Company, and seriously injured him. He brought suit against the Telegraph Company in the District Court in and for Cerro Gordo County alleging negligence of its employee and demanding damages in the sum of $59,947.45 for his injuries. That suit was removed to this Court by the Telegraph Company on the grounds of diversity of citizenship. The plaintiff was and is a resident of Mason City, Cerro Gordo County, Iowa, and a citizen of the State of Iowa. The defendant is a corporation organized and existing under the laws of the State of Minnesota. Before filing its answer in this Court, the defendant filed a third-party complaint against Armour & Company under the provisions of Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Armour & Company is a corporation organized and existing under the laws of the State of Illinois. In the complaint of the plaintiff, Ray Kittleson, the allegations as to the negligence of the defendant, American District Telegraph Company, were as follows:

"Par. 10: That the said defendant herein was negligent, and its employee John K. Cunningham was negligent in walking and attempting to walk across said skylight in the following particulars:

"(a) That they failed to observe the said glass skylight when the same was obvious and apparent.

"(b) That they failed to inspect the said skylight and that they failed to give any attention as to whether it would carry the weight of John K. Cunningham who weighed 245 pounds

"(c) That the said John K. Cunningham negligently and thoughtlessly and without consideration of the safety for persons working in the room below said skylight, walked upon said skylight and failed to use an available safe route when several were available to him."

It appears from the pleadings that the employee, John K. Cunningham, fell through the roof of a skylight on what is known as the "Hog Kill Building" on his way to make repairs to the signalling system located on the roof of an adjoining building known as the "Hog Cutting Building." The American District Telegraph Company, in its third-party complaint, made the following allegations in regard to the negligence of Armour & Company:

"9. That it was necessary in their performance of their contract for said employees to work upon the signalling system on the buildings of Armour & Company, and on or about the 14th day of May, 1947, they were installing or repairing the signalling system on what is known as the 'Hog Kill Building' of Armour & Company, and that the only means of going to and coming from said 'Hog Kill Building' was over an adjoining building of Armour

& Company known as the 'Hog Cutting Building', all of which was known or in the exercise of ordinary care should have been known by Armour & Company.

"10. That in order to get to the place of work on the roof of the 'Hog Kill Building' the Telegraph Co. employee, John K. Cunningham, walked across the easterly slope of the corrugated roof of the 'Hog Cutting Building', which the Telegraph Co. avers had none of the appearance of a skylight but had the appearance of an ordinary corrugated roof, all of which was known or in the exercise of ordinary care should have been known by Armour & Company.

"11. That it was the duty of Armour & Company, the owner of said 'Hog Cutting Building', to give warning to the Telegraph Co. and its employees and advise them of any hidden hazards which lay in their path, which the said Armour & Company failed to do.

"12. That it was incumbent upon Armour & Company to furnish a safe place for the employees of the Telegraph Co. to work in the performance of the contract and if there were any hidden dangers, to advise them thereof, which the said Armour & Company failed to do.

"13. That John K. Cunningham stepped upon the corrugated roofing on the 'Hog Cutting Building' and that the same had been allowed by Armour & Company to become decayed and the frame or support on which said corrugated roofing was placed broke down and the said Cunningham fell upon the plaintiff, causing such injuries to the plaintiff as he sustained.

"14. That the said Armour & Company was further negligent in that it allowed an accumulation of dirt and cement dust over the roof of the said 'Hog Cutting Building' so that it was impossible to detect the composition of the corrugated roofing.

"15. That there were numerous wires on the roof of the 'Hog Cutting Building' to the south of the corrugated roofing which made it difficult, if not impossible, to cross the said roof without crossing the corrugated roofing of the 'Hog Cutting Building'.

"16. That the entire conduct of John K. Cunningham, employee of the Telegraph Co., of which the plaintiff in his petition complains in Par. 10 thereof, was due to the primary negligence of Armour & Company in its failure to furnish the Telegraph Company's employees a safe place to work, and further due to its having a network of wires over the roof of the 'Hog Cutting Building' so that it was necessary to go over the corrugated roofing which the plaintiff claims was a skylight, and was further due to the allowing of the framework on which the alleged skylight was placed to become rotted and in decay, and further to warn the employees of the Telegraph Co., particularly John K. Cunningham, of the hidden danger which lurked in said roof."

The prayer for relief of the American District Telegraph Company is as follows:

"Wherefore, the Telegraph Co., being the defendant and third-party plaintiff, demands judgment against Armour & Company, third-party defendant, for all sums that may be adjudged against the defendant Telegraph Co. in favor of the plaintiff Ray Kittleson."

The contract between the Armour & Company and the American District Telegraph Company, relating to the installation and repair of the signalling system in question, contains no provisions relating to the matter of either party protecting the other from liability in connection with the carrying out of the contract.

▮ If the American District Telegraph Company was not negligent, then there could be no recovery against it by the plaintiff, Ray Kittleson, and consequently no need of recovery over against Armour & Company, and that question would be moot. Therefore, the third-party relief requested by the American District Telegraph Company would be of legal materiality only if the jury should find that the American District Telegraph Company was guilty of negligence as charged by the plaintiff, Ray Kittleson. For the purpose of this motion, it is necessary to assume that

the jury would so find. For the purpose of this motion, it is also necessary to assume that Armour & Company was guilty of negligence of the kind and character charged in the third-party complaint of the American District Telegraph Company. Therefore, the situation as presented is that the American District Telegraph Company and Armour & Company were both guilty of independent acts of negligence which combined to cause the injuries to the plaintiff, Ray Kittleson.

Rule 14(a), so far as here material, allows a defendant to move for leave as a third-party plaintiff to serve a summons and a complaint "upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." This Rule is a procedural rule, however, and does not give the Telegraph Company any greater rights against Armour & Company than it would otherwise have under rules of substantive law. Brown v. Cranston, 2 Cir., 1942, 132 F.2d 631, 148 A.L.R. 1178; Hills v. Price, D.C. S.C.1948, 79 F.Supp. 494; Anderson v. Kenosha Auto Transp., D.C.Minn.1946, 6 F.R.D. 265; Jeub v. B/G Foods, D.C. Minn.1942, 2 F.R.D. 238. This rule is well stated in the last cited case by Judge Nordbye, 2 F.R.D. at page 240:

"That the rights over and against Swift and Company, which B/G Foods may have by reason of any loss sustained by it, must be governed by the substantive laws of this State is entirely clear. The invoking of the third-party procedural practice must not do violence to the substantive rights of the parties."

It becomes necessary, therefore, in deciding whether the third-party complaint should be dismissed, to determine the substantive rights of the third-party litigants under the applicable Iowa law.

Under the Iowa law where separate and independent acts of negligence by different participants combine to produce a single injury, the negligence of the participants is regarded as being concurrent in character and both participants are jointly and severally liable to the party injured, even though the act or acts of negligence of one of the participants alone would not have caused the injury. Mac-Donald v. Robinson, 1929, 207 Iowa 1293, 224 N.W. 820, 62 A.L.R. 1419. Those whose concurrent negligence causes injury to another are regarded as being joint tort-feasors. Way v. Waterloo, C. F. & N. R. Co., Iowa 1947, 29 N.W.2d 867, 174 A.L. R. 723. In the last cited case the Iowa Court said, 29 N.W.2d at page 870:

"All authorities agree that joint tort-feasors are jointly and severally liable for injuries caused by their concurring negligence. The rule stated in Restatement of Torts, sec. 879 is: '* * * each of two persons who is independently guilty of tortious conduct which is a substantial factor in causing a harm to another is liable for the entire harm, in the absence of a superseding cause.'"

It seems clear that although the acts of negligence of the American District Telegraph Company and Armour & Company were separate and independent, yet since such acts combined to cause the injury to the plaintiff, Ray Kittleson, the American District Telegraph Company and Armour & Company were joint tort-feasors.

It is a general common law rule that there can be no contribution or liability over from one joint tort-feasor to another. 13 Am.Jur., Contribution, Sec. 37; 18 C. J.S., Contribution, § 11. By statute and judicial decision, however, exceptions have been established which do allow contribution or recovery over. See Gottlieb, Some Aspects of Contribution and Indemnity in Tort Actions Against the United States, 9 Fed. Bar. Jour. 391, at 397-402, for an exhaustive state-by-state citation of these statutes and decisions. The United States Supreme Court, in the case of Washington Gaslight Co. v. District of Columbia, 1896, 161 U.S. 316, at page 327, 16 S.Ct. 564, 568, 40 L.Ed. 712, in referring to these exceptions, states as follows:

"In the leading case of Lowell v. Boston & Lowell Railroad, 23 Pick. [Mass.], 24, 32, [34 Am.Dec. 33,] the doctrine was thus stated: 'Our law, however, does not in every case disallow an action, by one wrongdoer against another, to recover dam-

ages incurred in consequence of their joint offense. The rule is in pari delicto potior est conditio defendentis. If the parties are not equally criminal, the principal delinquent may be held responsible to his codelinquent for damages incurred by their joint offense. In respect to offenses, in which is involved any moral delinquency or turpitude, all parties are deemed equally guilty, and courts will not inquire into their relative guilt. But where the offense is merely malum prohibitum, and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties, and to administer justice between them, although both parties are wrongdoers.' "

■■ The right of contribution among joint or concurring tort-feasors is not based on tort but upon the theory of implied contract. 18 C.J.S., Contribution, §§ 2 and 13. While such right is enforceable at law, it is founded on principles of equity. 18 C.J.S., Contribution, § 2. If such contribution were based upon the law of torts, it would encounter a formidable obstacle in the tort rule relating to contributory negligence. Under the Iowa tort law negligence of a party which contributes in any way or in any degree to the damages for which recovery is sought is a bar to such recovery. Yance v. Hoskins, 1938, 225 Iowa 1108, 281 N.W. 489, 118 A.L.R. 1186; Hoegh v. See, 1933, 215 Iowa 733, 246 N.W. 787. In order to defeat such recovery the negligence of such party need not be a "proximate cause" but only a "contributory cause." See discussion in Mast v. Illinois Cent. R. Co., D.C. Iowa, 79 F.Supp. 149, 159.

■ Therefore, in general under the rules of tort law, concurrent negligence would be a bar to any recovery by those guilty of such negligence. However, in a number of cases the courts have felt that in particular situations, as a matter of equity and justice, an exception should be made to the general rule denying one joint tort-feasor contribution from the other and contribution allowed by implying an agreement on the part of one joint tort-feasor to contribute to or indemnify the other. Such an exception has been recognized and an agreement implied where the court was of the opinion that there was a marked difference in the character of the acts done and the responsibilities of the parties. In the quotation from the opinion of the United States Supreme Court in the Washington Gas case previously set out, the Court referred to the exception as involving the matter of "relative delinquency." Different courts have used different tests in measuring the "relative delinquency" of the parties. Some of the courts have made use of the test of "active" and "passive" negligence. The view of such courts is that a joint tort-feasor guilty of only "passive" negligence should be allowed contribution or recovery over from one guilty of "active" negligence. Counsel for the American District Telegraph Company cite in their briefs a number of cases where contribution or recovery over was allowed by the use of this test. The Iowa Supreme Court has recognized an exception to the general rule denying contribution between joint tort-feasors under this theory of relative delinquency. Horrabin v. City of Des Moines, 1924, 198 Iowa 549, 199 N.W. 988, 38 A.L.R. 554; Sweet v. Atkinson, 1921, 191 Iowa 645, 182 N.W. 793; Chicago & N. W. R. Co. v. Dunn, 1882, 59 Iowa 619, 13 N.W. 722. In the Horrabin case, supra, the court said, 199 N.W. at pages 989, 990:

"Where one of two parties does an act or creates a nuisance, and the other, while not joining in the act, is nevertheless thereby exposed to liability to one injured, the rule that there is no contribution between joint tort-feasors does not apply, and the one who was the primary and active wrongdoer can be compelled to make good to the other any loss occasioned by the act."

It will be noted in the quotation just set forth that the Iowa Court uses the term "primary and active" wrongdoer. In its third-party complaint, the Telegraph Company charges Armour & Company with "primary negligence."

The parties have stipulated that Ray Kittleson and Armour & Company are under the provisions of the Iowa Workmen's Compensation Act, Ch. 85, Code of Iowa 1946, and that Armour & Company is self-

insured as provided for in that Act. It is further stipulated that Armour & Company has paid or is paying compensation to Ray Kittleson in accordance with the statutory schedule. Section 85.3 of the Iowa Code 1946 provides that an employer who pays compensation under the Act "shall be relieved from other liability for recovery of damages or other compensation for such personal injury," and Section 85.20 provides that "the rights and remedies provided in this chapter for an employee on account of injury shall be exclusive of all other rights and remedies of such employee * * * at common law or otherwise, on account of such injury." The Act allows the injured employee to recover compensation under the Act and then proceed against any negligent third party who may have caused the injury in a common law action for negligence. Sec. 85.22(1). A recovery in such action inures to the benefit of the employer or his insurer to the extent of the compensation paid or to be paid under the Act, Sec. 85.22(1), and in case such action is not prosecuted within 90 days, the employer or his insurer is subrogated to the employee's claim and may institute the suit himself. Sec. 85.22(2). In such case the employer or insurer may retain from his recovery an amount sufficient to indemnify himself for compensation paid or to be paid, and pay the balance, if any, over to the employee. Sec. 85.22(2). See, also, 1947 Amendment to Sec. 85.22 in Chapter 64 of the Laws of the 52d General Assembly of Iowa.

The question involved in the present case, then, is whether the provisions of the Iowa Compensation Act relating to the limits of liability of the employer and his right of subrogation prevent his being liable to any third party tort-feasor under any theory of contribution or liability over where injury to the employee was caused by the joint or concurring negligence of the employer and such third party.

This particular question has never been directly presented to nor directly passed upon by the Iowa Supreme Court. In other jurisdictions having similar or related statutory provisions, where the particular question has been presented, there is a diversity of view among the courts and within the courts. The New York Court of Appeals has held that the New York compensation act does not bar contribution or recovery over. Westchester Lighting Co. v. Westchester County Small Estates Corp., 1938, 278 N.Y. 175, 15 N.E.2d 567. Chief Judge Crane dissented and used the following vigorous language, 15 N.E.2d at page 571:

"Yet because a third party paid the employees' representative it is permitted to recover the payment from the employer. In other words, the representatives receive a large sum of money through a negligence action from the employer merely because the money passes through the hands of a third party; and yet all concede that the employer is not liable to the representatives. To me this is mere sophistry."

Federal courts applying the New York law have held that decision to be controlling. See Burris v. American Chicle Co. 2 Cir., 1941, 120 F.2d 218; Rappa v. Pittston Stevedoring Corp., D.C.N.Y.1943, 48 F. Supp. 911. The California Supreme Court, dividing four-to-three, also held that the California compensation act did not bar contribution or recovery over. Baugh v. Rogers, 1944, 24 Cal.2d 200, 148 P.2d 633, 152 A.L.R. 1043. The dissenting opinion includes the following language, 148 P.2d at page 644:

"This section precludes liability other than that imposed by the Workmen's Compensation Law to third persons for independent claims of such persons, as for example, claims of such persons for wrongful death of the employee. * * * It must therefore preclude liability for an employee's claim for damages that has been converted into a claim of the third person for reimbursement for the satisfaction of the employee's claim for damages."

The Pennsylvania Supreme Court, in a unanimous opinion, held contrary to the New York Court of Appeals and the California Supreme Court. Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105. In its opinion, the Pennsylvania Court said, 14 A.2d at page 111:

"It would be repugnant to the letter and spirit of the Workmen's Compensation Act and would frustrate its purposes to hold

that an employer who brings himself within the Act could notwithstanding that fact be held liable to the payment of a judgment obtained by an employee against him as an additional defendant and against an original defendant, after both had been adjudged guilty of negligence * * *."

Whatever may be the holdings of the courts of other states under their particular compensation acts, however, the matters of determinative importance are the Iowa statutory provisions and the holdings of the Iowa Supreme Court. The Iowa Court has stated that resort to decisions of other courts is of doubtful value in interpreting the Iowa Act. Pierce v. Bekins Van & Storage Co., 1919, 185 Iowa 1346, 172 N.W. 191, 192. Since the Iowa Court has never directly passed on the question here involved, it is necessary to examine a number of holdings and declarations of that Court having to do with the Iowa Compensation Act.

The Iowa Court has held that a district court is without jurisdiction to try a common law action by an employee against his employer for personal injuries compensable under the Compensation Act when both employer and employee have elected to come under the provisions of the Act. Hlas v. Quaker Oats Co., 1930, 211 Iowa 348, 233 N.W. 514. The Iowa Court has limited the liability of the employer to an injured employee exclusively to the liability imposed by the Act. When both are under the Act, the employee may not maintain a suit against the employer even for exemplary damages based upon a theory of gross and reckless negligence on the part of the employer. Stricklen v. Pearson Const. Co., 1918, 185 Iowa 95, 169 N.W. 628. Nor does the fact that compensation under the Act may be very inadequate impose additional liability upon the employer beyond that provided for in the Act. Eddington v. Northwestern Bell Telephone Co., 1925, 201 Iowa 67, 202 N.W. 374. See, also, Morgan v. Ray L. Smith & Son, D.C. Kan.1948, 79 F.Supp. 971. The Iowa Court holds that where stated things are enumerated in the Act, things not named are excluded and that where no exceptions appear in the Act none are to be engrafted by the courts. Pierce v. Bekins Van &

Storage Co., 1919, 185 Iowa 1346, 172 N.W. 191.

▮ The Iowa Supreme Court holds, in accord with the weight of authority, that in a suit by a subrogated employer against a third party joint tort-feasor under the provisions of the Compensation Act, the employer's concurring or joint negligence is no bar even though except for these provisions such negligence would have been a bar. Fidelity & Casualty Co. v. Cedar Valley Elec. Co., 1919, 187 Iowa 1014, 174 N.W. 709; Otis Elevator Co. v. Miller & Paine, 8 Cir., 1917, 240 F. 376; Utley v. Taylor & Gaskin, Inc., 1943, 305 Mich. 561, 9 N.W.2d 842; Clark v. Chicago, M., St. P. & P. R. Co., 1934, 214 Wisc. 295, 252 N.W. 685; Milosevich v. Pacific Elec. Ry. Co., 1924, 68 Cal.App. 662, 230 P. 15; Graham v. City of Lincoln, 1921, 106 Neb. 305, 183 N.W. 569; Shreveport v. Southwestern Gas & Elec. Co., 1919, 145 La. 680, 82 So. 785. See, contra, Thornton Bros. Co. v. Reese, 1933, 188 Minn. 5, 246 N.W. 527, favorably commented on in 18 Iowa Law Rev. 559. In the Fidelity case, supra, the Iowa Court stated, 174 N.W. at page 711:

"There is nothing express or implied in section (85.22) from which the conclusion can be drawn that the payment of compensation by the employer whose act, jointly with that of another, produced the injuries, shall operate as a bar against the right of an employee or the party paying the compensation and entitled to be subrogated to his rights to maintain an action against the person other than the employer although a joint tort-feasor for damages. To construe the statute otherwise must do violence to the plain language thereof."

▮ It would seem that under the Iowa Compensation Act the liability of an employer for injuries sustained by an employee in the course of his employment is exclusively defined and limited by the provisions of that Act and that the rights and remedies given an employer by that Act against third party wrongdoers are not subject to exceptions not contained in the Act.

▮ The provisions of the Iowa Act limit the liability of an employer for

injuries sustained by an employee in the course of his employment to a maximum of $6000 compensation and $800.00 medical expenses, or a maximum total of $6800.00. If the contentions of the American District Telegraph Company were to be sustained and the plaintiff were to recover $59,947.45 from the Telegraph Company, the amount demanded, then a judgment in the sum of $59,947.45 would have to be rendered against Armour & Company for the injuries to the plaintiff and its liability would be in that amount instead of the maximum of $6800 specified in the Act. In addition, as heretofore noted, the Act provides that the employer shall be indemnified for compensation paid or to be paid out of any recovery had by the employee in a suit against a third party wrongdoer and that if the employee fails to bring the suit within ninety days the employer is subrogated and may bring an action himself against the third party wrongdoer. If the contentions of the Telegraph Company were to be sustained, it would eliminate the right of indemnification or subrogation given Armour & Company under the Act.

To imply an agreement on the part of Armour & Company to pay the American District Telegraph Company the amount of the plaintiff's recovery against the Telegraph Company would be in effect to write an exception into Section 85.3 of the Iowa Compensation Act which states that the employer "shall be relieved from other liability * * * for such personal injury." To imply an agreement on the part of Armour & Company to pay the American District Telegraph Company the amount of the plaintiff's recovery against the Telegraph Company would also in effect strike out and cancel that portion of Section 85.-22 of the Act providing for subrogation or indemnification of an employer where a third party wrongdoer is legally liable in damages to the injured employee.

It is the holding of the Court that under the Iowa law American District Telegraph Company may not have contribution or recovery over from Armour & Company and that the motions of the plaintiff and the third-party defendant to dismiss the third-party complaint be sustained.