## Benscoter v. B. G. Coon Construction Co.

*J. A. Crisman and H. M. Houtz*, for plaintiff.

*James P. Harris, Jr.*, for defendant.

*Walter L. Hill, E. C. Marianelli* and *Warren M. Jones*, for additional defendant.

PINOLA, J., March 19, 1956.—Additional defendant has filed three preliminary objections: (1) Paragraph

11 of the complaint should be stricken because defendant cannot sue additional defendant railroad under the Federal Employers' Liability Act; (2) defendant has no right under the pleadings to maintain an action against it, and (3) paragraph 12 of the complaint should be stricken because plaintiff has no right of action against additional defendant under the common law or statutory law of the State.

On October 11, 1954, plaintiff was a passenger on a small motor car operated by a fellow employe of the Lackawanna Railroad on a track paralleling U. S. Route no. 11, near Shickshinny, in this county. Defendant was engaged in widening the highway and one of its trucks backed partially upon the right-of-way of the railroad and the car collided with the truck. As a result, plaintiff sustained personal injuries.

On September 30, 1955, plaintiff sued defendant and in his complaint alleges that the accident was caused by the negligence of defendant acting through its agent, the operator of the truck. Defendant then joined the Lackawanna Railroad as an additional defendant and in its complaint avers that the action is brought under the Federal Employers' Liability Act of April 22, 1908, Title 45, U. S. C. §51, et seq., C. 149 35 Stat. at L. 65, as amended, as well as under the common law and statutory law of the State. It further alleges that additional defendant is solely liable, that it is liable over, and that it is jointly liable with defendant.

We believe that preliminary objection no. 1 must be sustained.

If plaintiff was at the time engaged in interstate commerce, he has no cause of action at common law against the railroad. His remedy is under the Federal Employers' Liability Act, 45 U. S. C. §51 et seq. But that statute deals only with the employer-employe relationship, hence defendant cannot maintain a suit

against the railroad under it. Defendant can only sue the railroad under the common law and/or statutory law of our State. That being so, the railroad cannot be joined as an additional defendant on the basis that it is alone liable: Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112.

As to liability over, no facts are averred under which the railroad would be liable over, hence that averment must also be disregarded: Zachrel v. Universal Oil Products Co., 355 Pa. 324, 329.

Preliminary objection no. 2 is without merit.

Defendant is not precluded from adding additional defendant as a party simply because plaintiff avers that his injuries were due solely to the negligence of defendant.

In preliminary objection no. 3 additional defendant contends that because plaintiff has no right of action at common law against it, defendant cannot sue additional defendant under the common law.

At argument counsel did not support this proposition but insisted that additional defendant should not be made a party because much confusion would result through the application of different rules of law concerning contributory negligence. Plaintiff in his suit against his employer would be governed by the Federal rule, while his action against defendant would be governed by the Pennsylvania rule.

Although the question before us was not discussed, one of our courts actually did try a similar case.

In Casseday v. Baltimore & Ohio R. R. Co., 343 Pa. 342, 22 A. 2d 663, plaintiff, a freight conductor, was injured while standing on the back platform of a caboose when the freight train backed over a crossing and there met other defendants' truck in a collision. In a statement of facts, Justice Drew declared, p. 343:

"Casseday, instituted this action in trespass against his employer, Baltimore & Ohio Railroad Company,

under the Federal Employers' Liability Act . . . and also against M. J. Hannon and R. A. Hannon (truck owners), under the common law. . . ."

In a comparable situation Judge Wingerd permitted a joinder. In Wolford v. Chambersburg Oil & Gas Co., 86 D. & C. 496, he held that the fact that executors and trustees operating a business of their decedent could not be sued in trespass by an employe who was injured, the Compensation Act governing, did not prevent them from being joined as additional defendants on allegations that they were jointly liable or liable over.

The oil company insisted that it was entitled to have the executors and trustees joined as additional defendants because "if a verdict were rendered against the oil company and the executors and trustees jointly, the oil company would have a right to contribution from the executors and trustees as joint tortfeasors."

The courts of other jurisdictions are not in agreement, the majority, however, being against any severance.

In Cincinnati, etc. Ry. Co. v. McWhorter, 203 Ky. 252, 262 S. W. 253, the court agreed that a joinder such as is here proposed would "produce more or less confusion where both (rights of action) are prosecuted in the same action".

But in Waylander-Peterson v. Great Northern Ry. Co., 201 F. 2d 408, an opposite conclusion was reached. There an employe brought an action against the employer under the Federal act and the railroad brought in as third party defendant the contractor which was building a bridge across the railroad tracks and which left a timber near the edge of the bridge in such a position that it fell off striking and injuring plaintiff. The court commended the trial judge for trying the actions together. It quoted with approval the language in U. S. v. Yellow Cab Co., 340 U. S.

543, 71 S. Ct. 399, 406, 95 L. Ed. 523, as follows:

" 'Such difficulties are not insurmountable . . . The availability of third-party procedure is intended to facilitate, not to preclude, the trial of multiple claims which otherwise would be triable only in separate proceedings. The possibility of such procedural difficulties is not sufficient ground for so limiting the scope of the Act to preclude its application to all cases of contribution or even to all cases of contribution arising under third-party practice.' "

And it quoted also the language in Doyle v. St. Paul Union Depot Co., 134 Minn. 461, 159 N. W. 1081, 1082, where the court said:

" 'Contributory negligence is a complete defense to the railroad company. It is only a partial defense to the depot company. This is not of consequence. . . . That the measure and amount of recovery against different defendants may be different, and in supposable cases they might be, is not important . . . Such considerations as those mentioned suggest that the presentation of a case to the jury may in particular cases be more difficult than is usual but do not affect the propriety of the joinder or the right of recovery.' "

In Way v. Waterloo C. F. & N. R. Co., 239 Iowa 244, 29 N. W. 2d 867, a railroad employe was killed in a collision between a train and a truck. The wife of decedent brought suit against the railroad and the owners of the truck. The court held that the fact that plaintiff sought recovery against the railroad under the Federal Employers' Liability Act gave no right of severance to the railroad.

### Order

(a) Preliminary objection 1 is sustained in paragraph 11 is stricken from the complaint; (b) preliminary objections nos. 2 and 3 are overruled, and (c) additional defendant is directed to file an answer within 20 days.